IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPIRIT OF ALOHA TEMPLE, ET AL., | ) CIVIL NO. 14-00535 SOM-RLP ) |
| Plaintiffs, | ) ORDER REGARDING DEFENDANT COUNTY ) OF MAUI'S SUBMISSION OF ) DOCUMENTS UNDER SEAL FOR REVIEW |
| vs. | ) AND MOTION FOR DETERMINATION OF ) PRIVILEGE PURSUANT TO FED. R. |
| COUNTY OF MAUI, | ) CIV. P. RULE 26(b)(5)(B) ) |
| Defendant. | ) ) |

ORDER REGARDING DEFENDANT COUNTY OF MAUI'S SUBMISSION OF
DOCUMENTS UNDER SEAL FOR REVIEW AND MOTION FOR DETERMINATION
OF PRIVILEGE PURSUANT TO FED. R. CIV. P. RULE 26(b)(5)(B)

Before the Court is Defendant County of Maui's Submission of Documents Under Seal for Review and Motion for Determination of Privilege Pursuant to Fed. R. Civ. P. Rule 26(b)(5)(B), filed April 7, 2017 ("Motion"). ECF No. 121. Plaintiffs filed their Opposition to the Motion on April 21, 2017. ECF No. 123. Defendant County of Maui filed its Reply on May 5, 2017. ECF No. 124. Pursuant to Local Rule 7.2(d), the Court found this Motion suitable for disposition without a hearing. ECF No. 122. After carefully reviewing the parties' submissions and the relevant legal authority, the Court ORDERS as follows.

BACKGROUND

Plaintiffs Spirit of Aloha Temple and Fredrick R. Honig applied for a State Land Use Commission Special Permit to build a church and hold religious events on a parcel of land located in

the County of Maui.  After the application was denied, Plaintiffs filed their Complaint in this court asserting claims for violations of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 1983, and the Hawaii constitution against both the Maui Planning Commission and the County of Maui.  See ECF No. 1.

Fredrick R. Honig is a licensed minister and teacher of "Integral Yoga."  Id. ¶ 21.  Spirit of Aloha Temple is a 501(c)(3) tax-exempt organization that was incorporated as a church in 2007 to promote Integral Yoga, and leases an eleven-acre parcel located in Haiku, Maui, which is zoned "Agriculture" and is in a Special Management Area.  Id. ¶¶ 26, 36-40, 43-44.  The property is being used for limited "secular" purposes, including a botanical garden, bird sanctuary, and staff housing.  Id. ¶ 45.

Plaintiffs first applied for a special use permit to use the property as a church, which was denied in 2010 by the Maui Planning Commission on various grounds.  Id. ¶ 52.  In 2012, Plaintiffs filed another application for a special permit to use the property for the same religious purposes, including educational programs and wedding ceremonies.  Id. ¶ 85.  The Maui Planning Department issued a report and recommendation that the permit be issued.  Id. ¶ 94.  However, after a public hearing in which several residents in the surrounding area expressed concern about road safety given increased traffic to and from the

property, various zoning violations by Plaintiffs, and the impact of increased numbers of visitors on community resources, the Maui Planning Commission voted to deny the application.  Id. ¶ 132. The Maui Planning Commission set forth its findings and conclusions in its Decision and Order of October 30, 2014 ("October 2014 Decision").  Id.

On January 27, 2016, the district court declined to exercise supplemental jurisdiction over one of Plaintiff's state law claims, dismissed all other claims against the Maui Planning Commission, and stayed all other claims against Defendant County of Maui pending the resolution of Plaintiff's administrative appeal of the October 2014 Decision.  See ECF No. 109.  On February 13, 2017, the stay was lifted.  ECF No. 114.  The present Motion followed.

In the present Motion, Defendant asks the Court to determine whether certain documents produced by Plaintiffs' expert are protected by the work product doctrine as asserted by Plaintiffs.  See ECF No. 121.

## DISCUSSION

The work product doctrine is set forth in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which protects from discovery documents that are prepared in anticipation of litigation or for trial by or for another party or its representative.  See Fed. R. Civ. P. 26(b)(3); United States v. Richey, 632 F.3d 559, 567 (9th Cir. 2011).

Here, the materials at issue are email communications produced to Defendant by Plaintiffs' retained expert, Alan Bradbury. Rule 26(b)(4)(C) specifically addresses expert material and states that "regardless of the form," communications between a party's attorney and any retained expert are protected from disclosure in discovery, subject to certain exceptions. See Fed. R. Civ. P. 26(b)(4)(C).

First, the following communications between Plaintiffs' counsel and Mr. Bradbury or his assistant are protected from discovery by the work product doctrine set forth in Rule 26(b)(4)(C):

(1) email dated 1/8/2016 from Summer Bradbury to Roman Storzer forwarding an email from Maui Nui Botanical Gardens (page 16 of Ex. A);

(2) email dated 1/4/2016 from Roman Storzer to Summer Bradbury and Alan Bradbury (page 18 of Ex. A);

(3) email dated 10/29/2015 from Summer Bradbury to Roman Storzer (page 18 of Ex. A)

(4) email dated 1/8/2016 from Summer Bradbury to Alan Bradbury forwarding an email from Roman Storzer (page 19 of Ex. A);

(5) email dated 1/13/2016 from Adam Lang to Summer Bradbury and Roman Storzer (page 20 of Ex. A);

(6) email dated 1/13/2016 Roman Storzer to Summer Bradbury (page 21 of Ex. A);

4

(7) email dated 1/11/2016 from Summer Bradbury to Roman Storzer (page 21 of Ex. A);

(8) email dated 10/28/2015 from Roman Storzer to Summer Bradbury (page 21 of Ex. A);

(9) email dated 10/28/2015 from Roman Storzer to Summer Bradbury (page 22 of Ex. A);

(10) email dated 10/28/2015 from Summer Bradbury to Roman Storzer, which includes two prior emails dated 10/27/2015 between Summer Bradbury and Roman Storzer (page 22 of Ex. A);

(11) email dated 10/19/2015 from Roman Storzer to Summer Bradbury (page 23 of Ex. A);

(12) email dated 10/6/2015 from Alan Bradbury to Roman Storzer (page 24 of Ex. A);

(13) email dated 1/13/2016 from Alan Bradbury to Adam Lang (page 26 of Ex. A); and

(14) email dated 1/13/2016 from Adam Lang to Alan Bradbury (page 26 of Ex. A).

These communications fit squarely within the scope of material protected from disclosure under subsection (C). See Fed. R. Civ. P. 26(b)(4)(C). These emails reflect communications between Plaintiffs' counsel and Mr. Bradbury or his assistant and do not fall within any of the exceptions outlined in the Rule. See id. The Court rejects Defendant's argument that these email communications should not be protected because they "jeopardize the experts' independence." See ECF No. 121-1 (quoting Gerke v.

Travelers Cas. Ins. Co. of Am., 289 F.R.D. 316, 326 (D. Or. 2013)); ECF No. 124 at 1-3.  The Court has carefully reviewed the materials submitted *in camera* and finds no evidence that Plaintiffs' counsel "commandeered" Mr. Bradbury's report or that Plaintiffs' counsel was using Mr. Bradbury as a "conduit" for their own theories.  See Gerke, 289 F.R.D. at 328.

Second, the undated letter from Roman Storzer to Alan Bradbury, pages 27-28 of Ex. A, is not protected from discovery.  Although it is a communication between counsel and an expert, the letter identifies assumptions that Plaintiffs' counsel provided to Mr. Bradbury and that Mr. Bradbury relied on in forming his opinion.  See Fed. R. Civ. P. 26(b)(4)(C)(iii) (allowing discovery of communications that identify assumptions provided by counsel and relied upon by the expert).  Specifically, the letter sets forth three issues to be addressed in Mr. Bradbury's report. The statement of these issues includes certain assumptions regarding activities within a botanical garden that are later reflected in Mr. Bradbury's report.  See ECF No. 123-1. Accordingly, this letter is not protected by the work product doctrine and is discoverable.

Third, several email communications at issue were not between Plaintiffs' counsel and Mr. Bradbury or his assistant and are therefore not protected expert communications with counsel under Rule 26(b)(4)(C).  Instead, these emails are between Mr. Bradbury and his assistant.  Because these emails do not include

6

communications with Plaintiffs' counsel, they are not protected from discovery under the work product doctrine contained in Rule 26(b)(4)(C). Although not entirely clear, it does not appear that Plaintiffs are asserting that these emails are protected from discovery on any other basis. See ECF No. 123 at 20 n.5 (quoting extensively from the emails at issue). Accordingly, the following email communications are discoverable:

(1) email dated 1/5/2017 from Summer Bradbury to Alan Bradbury (page 18 of Ex. A);

(2) email dated 1/5/2016 from Alan Bradbury to Summer Bradbury (page 18 of Ex. A);

(3) email dated 10/6/2015 from Alan Bradbury to Summer Bradbury (page 24 of Ex. A);

(4) email dated 10/20/2015 at 2:31 p.m. from Summer Bradbury to Alan Bradbury (page 25 of Ex. A);

(5) email dated 10/20/2015 from Alan Bradbury to Summer Bradbury (page 25 of Ex. A);

(6) email dated 10/20/2015 at 2:57 p.m. from Summer Bradbury to Alan Bradbury (page 25 of Ex. A);

(7) email dated 10/20/2015 from Alan Bradbury to Summer Bradbury (page 26 of Ex. A); and

(8) email dated 10/20/2015 from Summer Bradbury to Alan Bradbury (page 26 of Ex. A).

Finally, Defendant also takes issue with the fact that Plaintiffs have not produced a privilege log. See ECF No. 121-1

at 2, 9, 14. Rule 26(b)(5)(A) requires that if a party withholds documents on the basis of work product protection, that party must produce a privilege log. See Fed. R. Civ. P. 26(b)(5)(A). Here, the documents were produced by Plaintiffs' expert and not by Plaintiffs. Plaintiffs did not withhold any documents that would trigger the requirements of Rule 26(b)(5)(A). Instead, pursuant to Rule 26(b)(5)(B), Plaintiffs sent Defendant a letter dated March 31, 2017, detailing the pages that Plaintiffs specifically asserted the work product doctrine protected from discovery and demanding that Defendant return or destroy the documents at issue. See ECF No. 121-8; Fed. R. Civ. P. 26(b)(5)(B) (providing that if information is produced that is subject to a claim of protection, the party making the claim shall notify the receiving party, who must then "promptly return, sequester, or destroy" the information and may "promptly present the information to the court under seal for a determination of the claim"). Plaintiffs have appropriately complied with the requirements of Rule 26(b)(5)(B) and no privilege log is required. Additionally, in light of the stay of this action that was in place from January 27, 2016, until February 13, 2017, the Court also finds that Plaintiffs' assertion of the work product doctrine was timely. See ECF Nos. 109, 114.

## CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

(1) No later than **May 19, 2017**, Defendant shall file a certification with the Court stating that it has destroyed all copies in its possession of pages 16, 19, 20, 21, 22, 23 of Exhibit A to its Motion.

(2) No later than **May 19, 2017**, Defendant shall file a certification with the Court stating that it has redacted the following emails on pages 18, 24, and 26 from all copies in its possession of Exhibit A to its Motion: email dated 1/4/2016 from Roman Storzer to Summer Bradbury and Alan Bradbury (page 18 of Ex. A); email dated 10/29/2015 from Summer Bradbury to Roman Storzer (page 18 of Ex. A); email dated 10/6/2015 from Alan Bradbury to Roman Storzer (page 24 of Ex. A); email dated 1/13/2016 from Alan Bradbury to Adam Lang (page 26 of Ex. A); and email dated 1/13/2016 from Adam Lang to Alan Bradbury (page 26 of Ex. A).

(3) The following communications are not protected from discovery by the work product doctrine and are properly retained by Defendant: the undated letter from Roman Storzer to Alan Bradbury (pages 27-28 of Ex. A); email dated 1/5/2017 from Summer Bradbury to Alan Bradbury (page 18 of Ex. A); email dated 1/5/2016 from Alan Bradbury to Summer Bradbury (page 18 of Ex. A); email dated 10/6/2015 from Alan Bradbury to Summer Bradbury (page 24 of Ex. A); email dated 10/20/2015 at 2:31 p.m. from Summer Bradbury to Alan Bradbury (page 25 of Ex. A); email dated 10/20/2015 from Alan Bradbury to Summer Bradbury (page 25 of Ex.

A); email dated 10/20/2015 at 2:57 p.m. from Summer Bradbury to Alan Bradbury (page 25 of Ex. A); email dated 10/20/2015 from Alan Bradbury to Summer Bradbury (page 26 of Ex. A); and email dated 10/20/2015 from Summer Bradbury to Alan Bradbury (page 26 of Ex. A).

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, MAY 8, 2017.



_____
Richard L. Puglisi
United States Magistrate Judge


**SPIRIT OF ALOHA TEMPLE, ET AL. vs. COUNTY OF MAUI; CIVIL NO. 14-00535 SOM-RLP; ORDER REGARDING DEFENDANT COUNTY OF MAUI'S SUBMISSION OF DOCUMENTS UNDER SEAL FOR REVIEW AND MOTION FOR DETERMINATION OF PRIVILEGE PURSUANT TO FED. R. CIV. P. RULE 26(b)(5)(B)**