CLARE E. CONNORS          7936
Attorney General of Hawaiʻi

ROBERT T. NAKATSUJI       6743
Deputy Attorney General
Department of the Attorney General
425 Queen Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 586-1360
Facsimile: (808) 586-8116
E-Mail: Robert.T.Nakatsuji@hawaii.gov

Attorneys for Defendant-Intervenor
STATE OF HAWAIʻI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SPIRIT OF ALOHA TEMPLE, a Hawaiʻi nonprofit corporation, and FREDRICK R. HONIG,<br><br>        Plaintiffs,<br><br>  vs.<br><br>COUNTY OF MAUI,<br><br>        Defendant,<br><br>  and<br><br>STATE OF HAWAIʻI,<br><br>        Defendant-Intervenor. | CIVIL NO. 14-00535 SOM/RLP<br><br>STATE OF HAWAII'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT ON THE COMPLAINT; DECLARATION OF ROBERT T. NAKATSUJI; EXHIBITS "A"-"Q"; CERTIFICATE OF SERVICE<br><br>Hon. Susan O. Mollway, Presiding |

# STATE OF HAWAII'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT ON THE COMPLAINT

Defendant-Intervenor STATE OF HAWAI'I ("the State"), through its undersigned counsel, pursuant to Local Rule 56.1, hereby submits its Concise Statement of Material Facts in Support of its Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment on the Complaint.

| FACTS | EVIDENCE |
|---|---|
| 1. The present case arises out of the same transaction or series of transactions as the Maui circuit court case (*Spirit of Aloha Temple v. County of Maui*, Civil No. 16-1-0103(1) (Haw. 2d Cir. Ct.)). | Exhibit "B", ECF 1, at 1-3, 4-34; Exhibit "D" (Statement of the Case) at 1-2, 4-14; Exhibit "E" at 5-12. |
| 2. The November 17, 2016 Order from the Maui circuit court case (*Spirit of Aloha Temple v. County of Maui*, Civil No. 16-1-0103(1) (Haw. 2d Cir. Ct.)) decided the merits of that case. | Exhibit "G" at 3-4. |
| 3. This Court administratively closed the present case but told the parties that the case would be reopened upon the parties' submission of written statements attaching a final state court decision. | Exhibit "C", ECF 109, at 37. |
| 4. Plaintiffs represented to this Court that the November 17, 2016 Order was a final state court decision and the state case was final. | Exhibit "H", ECF 112, at 1 (and attachment); Exhibit "J", Tr.7/2/18, at 19 (lines 14-17). |
| 5. This Court reopened the instant federal case based on Plaintiffs' representation. | Exhibit "I", ECF 114. |
| 6. This Court has recognized Plaintiffs' admission that the state case is final. | Exhibit "K", ECF 200, at 17. |

1

| | |
|---|---|
| 7.  The parties in the present case are the same parties or have a close relationship with the parties in the Maui circuit court case (*Spirit of Aloha Temple v. County of Maui*, Civil No. 16-1-0103(1) (Haw. 2d Cir. Ct.)). | Exhibit "B", ECF 1, at 1-3, 4-34; Exhibit "D" (Statement of the Case) at 1-2, 4-14; Exhibit "E" at 5-12. |
| 8.  Plaintiffs reserved "federal First or Fourteenth Amendment claims" in their Notice of Appeal and their Opening Brief in the Maui circuit court case (*Spirit of Aloha Temple v. County of Maui*, Civil No. 16-1-0103(1) (Haw. 2d Cir. Ct.)). | Exhibit "D" (Statement of the Case) at 4 n.1; Exhibit "E" at 4. |
| 9.  Plaintiffs reserved their "claims under the First Amendment for religious freedom and the Fourteenth Amendment" at the oral argument in the Maui circuit court case (*Spirit of Aloha Temple v. County of Maui*, Civil No. 16-1-0103(1) (Haw. 2d Cir. Ct.)). | Exhibit "F", Tr.6/23/16, at 5 (lines 23-25) to 6 (lines 1-14). |
| 10.  Plaintiffs did not reserve a prior restraint claim in the Maui circuit court case (*Spirit of Aloha Temple v. County of Maui*, Civil No. 16-1-0103(1) (Haw. 2d Cir. Ct.)). | Exhibit "D" (Statement of the Case) at 4 n.1; Exhibit "E" at 4; Exhibit "F", Tr.6/23/16, at 5 (lines 23-25) to 6 (lines 1-14). |
| 11.  Hawaiʻi Administrative Rules ("HAR") § 15-15-95(c) sets forth the guidelines used in granting or denying special permits for the state agricultural and rural districts. | Exhibit "L" at 77-78; Exhibit "A" at 13-15. |
| 12.  Hawaiʻi Revised Statutes ("HRS") Chapter 91 – the Hawaiʻi Administrative Procedures Act – applies to agencies, which are defined as state or county boards, commissions, departments, or officers. | Exhibit "M" at 2. |
| 13. HRS Chapter 91 establishes procedural requirements for state or county agencies, including deadlines for decisions, specific findings, admission of evidence, and appeal rights. | Exhibit "M" generally, and at 2, 4, 25, 29, 32, 35, 36, 37. |
| 14.  County planning commissions are authorized to issue rules of practice and procedure that apply to special permit proceedings. | Exhibit "N" at 27; Exhibit "M" at 4; Exhibit "L" at 78. |

2

| | |
|---|---|
| 15.  The Rules of Practice and Procedure of the Maui Planning Commission ("the Commission Rules") establish procedural requirements for the Maui Planning Commission, including deadlines for decisions, specific findings, admission of evidence, and appeal rights. | Exhibit "O" generally, and at 201-10, 201-17, 201-18, 201-19, 201-23, 201-28, 201-29, 201-32, 201-33, 201-34. |
| 16.  The 5-factor guidelines that eventually became HAR § 15-15-95 date back more than 40 years. | Exhibit "P". |
| 17.  The practice of the Maui Planning Commission is that they can deny a special permit based on failure to meet one or all of the guidelines in HAR § 15-15-95(c). | Exhibit "Q", Deposition of William Spence, at 31 (lines 3-7). |
| 18.  The Maui Planning Commission has granted a number of special permits for churches in the past. | Exhibit "Q", Deposition of William Spence, at 41 (lines 9-12), at 42 (lines 3-5 and 13-16). |

In the alternative, the Court can also take judicial notice of Exhibits "L", "M", "N", "O", and "P" as legal authorities.

DATED:  Honolulu, Hawai'i, February 14, 2019.

/s/ Robert T. Nakatsuji
ROBERT T. NAKATSUJI
Deputy Attorney General

Attorney for Defendant-Intervenor
STATE OF HAWAI'I