IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPIRIT OF ALOHA TEMPLE AND FREDRICK R. HONIG, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF MAUI, <br><br> Defendant, <br><br> and <br><br> STATE OF HAWAII, <br><br> Intervenor-Defendant | CIVIL NO. 14-00535 SOM/WRP <br><br> ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY ORDER OF APRIL 23, 2019, FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) |

**ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY ORDER OF APRIL 23, 2019, FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

**I.      INTRODUCTION.**

On April 23, 2019, this court granted Intervenor-Defendant State of Hawaii's motion for partial summary judgment with respect to the prior restraint claim asserted in Count V, as well as Defendant County of Maui's joinder therein.  The order left for further adjudication the facial challenges asserted in Counts I, II, IV, VI, VII, VIII, and IX against the County of Maui.  Plaintiffs Fredrick R. Honig and Spirit of Aloha Temple seek certification under 28 U.S.C. § 1292(b) to allow them to file an interlocutory appeal of the order.  The court declines to grant Plaintiffs such certification and denies the motion without a hearing pursuant to Local Rule 7.2(d).

## II. ANALYSIS.

Plaintiffs seek to immediately appeal this court's order of April 23, 2019. The Ninth Circuit has stated that piecemeal review of cases, except when authorized by Rule 54(b) or 28 U.S.C. § 1292(b), is not favored. *Hartford Fire Ins. Co. v. Herrald*, 434 F.2d 638, 639 (9th Cir. 1970). Rule 54(b) and § 1292(b) provide alternative bases for appeal. *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

Rule 54(b) of the Federal Rules of Civil Procedure allows a court to enter final judgment on a claim before final judgment is entered on all claims, stating:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Rule 54(b) applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because

other issues in the case remain unresolved." *James*, 283 F.3d at 1068 n.6.

While Rule 54(b) allows this court to certify a final judgment for appeal with respect to a portion of a case, 28 U.S.C. § 1292(b) allows an appeal of an interlocutory order that raises an important and unsettled question of law that advances the termination of proceedings:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Normally, interlocutory orders are not immediately appealable. *James*, 283 F.3d at 1068 n.6. But, "[i]n rare circumstances, the district court may approve an immediate appeal of such an order by certifying that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal

from the order may materially advance the ultimate termination of the litigation." *Id.*

Plaintiffs seek to appeal this court's order of April 23, 2019, under § 1292(b), rather than under Rule 54(b). *See* ECF No. 242. As the parties seeking an interlocutory appeal, Plaintiffs have the burden of demonstrating "exceptional circumstances" justifying a departure from the basic policy of postponing appellate review until a final judgment has issued." *See Coopers & Lybrand*, 437 U.S. 463, 475 (1978). Because § 1292(b) is a departure from the normal final judgment rule, the Ninth Circuit has stated that § 1292(b) should be construed "narrowly." *See James*, 283 F.3d at 1068 n.6.

Before the Ninth Circuit exercises its discretion to permit an interlocutory appeal under § 1292(b), this court must first certify: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

Section 1292(b) is primarily intended to expedite litigation by permitting appellate consideration of legal questions that, if decided in favor of appellant, would end the lawsuit. *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). Accordingly, controlling questions of law include issues

4

relating to jurisdiction or a statute of limitations, as an appeal from the denial of dismissal based on either, if decided differently on appeal, would terminate a case. *Id.* However, an issue need not be dispositive of the lawsuit to be considered controlling. *Id.* Instead, a "question of law" is controlling if a "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d at 1026. The Ninth Circuit has noted that such issues include questions of "who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law shall be applied." *Woodbury*, 263 F.2d at 787.

The Ninth Circuit has stated:

> To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." Id. (footnotes omitted).

*Crouch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Put another way,

> A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.

*Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

"Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). Accordingly, "[o]ne of the principal reasons a Court of Appeals will exercise its discretion not to grant applications under section 1292(b) is the likelihood or probability of the appellate court's having to issue multiple opinions on the same or closely related issues of law or fact in the case." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 966 (9th Cir. 1981).

In its order of April 23, 2019, this court granted summary judgment in favor of Defendants with respect to the prior restraint claim asserted in Count V. The order left the following claims for further adjudication: Count I (Violation of

6

Religious Land Use and Institutionalized Persons Act of 2000--Substantial Burdens, 42 U.S.C. §2000cc(a)); Count II (Violation of Religious Land Use and Institutionalized Persons Act of 2000--nondiscrimination, 42 U.S.C. §2000cc(b)(2)); Count IV (Violation of Religious Land Use and Institutionalized Persons Act of 2000--Equal Terms, 42 U.S.C. §2000cc(b)(1)); Count VI (42 U.S.C. § 1983: First Amendment--Free Exercise of Religion); Count VII (42 U.S.C. § 1983: Fourteenth Amendment--Equal Protection); Count VIII (Hawaii Constitution Article I § 4--Free Exercise of Religion); and Count IX (Hawaii Constitution Article I § 5--Equal Protection of the Law). Given the number and nature of claims remaining in this case, Plaintiffs are not persuasive in arguing that an appellate determination with respect to Count V will end the lawsuit, even assuming there is a controlling question of law with substantial grounds for differences of opinion.

If for example, the Ninth Circuit affirms this court, then all of the other counts will still have to be adjudicated, leading to the possibility of a second appeal to the Ninth Circuit. If the Ninth Circuit reverses this court and determines that summary judgment should have been granted in favor of Plaintiffs with respect to Count V, Plaintiffs will still have to address the remaining counts, again raising the possibility of piecemeal appeals. Although Plaintiffs indicate that a ruling in their favor with respect to Count V would "resolve the entire

7

case, as Plaintiffs would be able to use the Property for religious purposes," *see* ECF No. 242, PageID #s 5201-02, they do not actually say that they are dismissing the remaining claims or that they will dismiss the remaining claims if they are successful on appeal.

While this court recognizes that § 1292(b) does not require a "dispositive effect on the litigation," and instead only requires that it "may materially advance the litigation," *see Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (quotation marks and citation omitted), this court determines that an appellate ruling with respect to Count V would not so advance the litigation that the possibility of piecemeal appeals is outweighed. However the Ninth Circuit might rule with respect to Count V, litigation appears likely with respect to the remaining counts. Accordingly, an interlocutory appeal with respect to Count V would not materially advance this case for purposes of § 1292(b). *See White v. Nix*, 43 F.3d 374, 378–79 (8th Cir. 1994) ("When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation.").

This court declines to certify its order of April 23, 2019, under § 1292(b).

**III.  CONCLUSION.**

The court denies Plaintiffs' motion to certify its order of April 23, 2019, as an interlocutory order appealable under § 1292(b).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 16, 2019.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Spirit of Aloha Temple, et al. v. County of Maui*, Civ. No. 14-00535 SOM/WRP;ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY ORDER OF APRIL 23, 2019, FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)