IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SPIRIT OF ALOHA TEMPLE AND FREDRICK R. HONIG, | ) ) ) | CIVIL NO. 14-00535 SOM/RLP |
| Plaintiffs, | ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTY OF MAUI'S MOTION FOR |
| vs. | ) ) | SUMMARY JUDGMENT |
| COUNTY OF MAUI, | ) ) | |
| Defendant, | ) ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT COUNTY OF MAUI'S MOTION FOR SUMMARY JUDGMENT**

**I.        INTRODUCTION.**

        Plaintiffs Spirit of Aloha Temple and Frederick R.
Honig want to conduct what they say are church activities on land
that is zoned for agricultural use on Maui.  They applied to the
Maui Planning Commission for a Special Use Permit that would have
allowed those activities on their land.  Among other things,
Plaintiffs argued to the Maui Planning Commission that denying
their application would violate a section of the Religious Land
Use and Institutional Persons Act ("RLUIPA").  The Planning
Commission rejected that RLUIPA argument, denying the application
and stating that the County of Maui had a compelling governmental
interest in protecting the health, lives, and safety of the
public and that, given the nature of the narrow road leading to
Plaintiffs' property, denial of the permit application was the
least restrictive means of furthering that interest.

Plaintiffs appealed the application denial to the state trial court. However, they deliberately stated in connection with their appeal to the state court that they were reserving for federal court the adjudication of any federal claims. Plaintiffs did challenge in their appeal the Planning Commission's finding that the permit denial was the least restrictive means of furthering the compelling governmental interest of road safety. That finding was made in connection with the Commission's rejection of Plaintiffs' RLUIPA argument. The state court affirmed without mentioning RLUIPA.

Plaintiffs now seek to proceed in this court with a claim under the same RLUIPA section (Count I) that it had told the Planning Commission would be violated if the permit application were denied. Plaintiffs also bring claims under other RLUIPA sections not cited before the Planning Commission or the state court, and under other federal and state laws.

The County of Maui moves for summary judgment on all remaining claims, arguing that the claims are precluded by the state court ruling that affirmed the Planning Commission's decision. The only count to which res judicata could even arguably apply is Count I. This court concludes that res judicata is inapplicable to Count I, but that the collateral estoppel doctrine bars Count I. While the different RLUIPA claim in Count II is not subject to res judicata, it too is barred by

collateral estoppel.  All other claims except the RLUIPA claim in
Count IV are also barred by collateral estoppel.

## II.        BACKGROUND.

The factual background for this case was set forth in
this court's previous orders.  *See* 2019 WL 2146237 (D. Haw. May
16, 2019); 2019 WL 1781061 (D. Haw. Apr. 23, 2019); 322 F. Supp.
3d 1051 (D. Haw. 2018).  That background is incorporated by
reference and is supplemented below.

On November 21, 2012, Spirit of Aloha Temple, through
Fredrick Honig, submitted a second Special Use Permit application
to use property located on agricultural land for church
activities.  ECF No. 183-6, PageID #2803.  The denial of the
first Special Use Permit application is not at issue on the
motion now before the court.  While the Planning Commission
originally denied the second application, it rescinded that
denial on April 8, 2014.  *See* ECF No. 219-3, PageID # 4795.

The Planning Commission then conducted a hearing with
respect to the Special Use Permit application.  Although
Plaintiffs now dispute whether the proceeding before the Planning
Commission was a contested case hearing, in their February 2016
Notice of Appeal of Maui Planning Commissions Findings of Fact
and Conclusions of Law, which is discussed later in this order,
Plaintiffs, represented by counsel, expressly stated that they
were appealing the Planning Commission's decision pursuant to

3

section 91-14 of Hawaii Revised Statutes. *See* ECF No. 215-5, PageID #s 4303, 4306. Section 91-14 governs "Judicial review of contested case hearings."

Plaintiffs had argued to the Planning Commission that a section of RLUIPA required their permit application to be granted unless the Planning Commission's denial of the permit was the least restrictive means of furthering a compelling government interest. The transcript of the April 2014 hearing makes it clear that numerous individuals told the Planning Commission that RLUIPA would be violated if Plaintiffs were not given the requested Special Use Permit. Lani Star, an advisory board member for "Honig's organization," told the Commission that RLUIPA required the County of Maui to have a compelling interest and to apply the least restrictive means possible to further such an interest. *See* ECF No. 233-2, PageID #s 4982-83. Aerie Waters, part of the Spirit of Aloha Temple, reminded the Commission that Spirit of Aloha had rights under RLUIPA, "as shown in the letter give[n] to you on March 25, 2014, by our attorney Andrea Low of Bervar & Jones." *Id.*, PageID # 4983. While the letter was dated January 14, 2010, it appears to have been received by the Department of Planning in December 2012. The letter stated that Plaintiffs had RLUIPA rights requiring the government to show a compelling interest before denying the requested permit. *See* ECF No. 219-3, PageID #s 4734-35.

4

Sean Clancy, who appears to have been associated with Plaintiffs, told the Commission, "Unsubstantiated doubts of safety and concerns who have self interest concerning their property's encroachment on Haumana Road easements do not comprise a valid reason to totally deny the rights of RLUIPA.  We have experienced extreme hardship and restrictions in the exercise of our religious rights in the past five years in which time we have been struggling with the Planning Department to secure the RLUIPA rights and our Special Use Permit."  *See* ECF No. 233-2*,* PageID # 4985.  Chaz Paul, a member of Spirit of Aloha Temple, told the Commission that Spirit of Aloha was not being afforded due process with respect to the permit hearing that implicated RLUIPA rights.  *Id.*, PageID # 4988.  Richelle Thompson, Deputy Corporation Counsel for the County of Maui, explained to the Commission that, in addition to determining whether the Special Use Permit should be granted under Hawaii law, the Commission had to consider whether any decision with respect to the requested permit violated RLUIPA.  *See id.*, PageID #s 4974-75.

Additionally, Honig argued to Patricia Kitkowski of the State Department of Health's Environmental Health Sanitation section for Maui County, "We claim RLUIPA rights and government because of these Federal Church protection laws is required to offer the LEAST RESTRICTIVE Options to satisfy the Government's Compelling Interests."  *See* ECF No. 183-13, PageID #s 2978, 3001.

The Maui Planning Commission denied the 2012 Special Use Permit application. Finding of Fact # 68 stated:

> there is evidence of record that the proposed uses expressed in this Application should they be approved would increase vehicular traffic on Haumana Road, which is narrow, winding, one-lane in areas, and prone to flooding in inclement weather. The Commission finds that Haumana Road is regularly used by pedestrians, including children who use the road to access the bus stop at the top of the road. The Commission finds that granting the Application would adversely affect the health and safety of residents who use the roadway, including endangering human life. The Commission finds that the health and safety of the residents' and public's use of Haumana Road is a compelling government interest and that there is no less restrictive means of ensuring the public's safety while granting the uses requested in the Application.

ECF No. 185-9, PageID # 3288-89 (Finding of Fact # 68).

The Maui Planning Commission noted that section 205-6 of Hawaii Revised Statutes allows certain "unusual and reasonable uses" within agricultural and rural districts, in addition to uses for which the property is classified. *Id.*, PageID # 3289. The Maui Planning Commission stated that, to determine whether a proposed use is an "unusual and reasonable use," section 15-15-95 of Hawaii Administrative Rules sets forth "guidelines" for the granting of an exception to agricultural restrictions. It was the Maui Planning Commission's understanding that a Special Use Permit application could be denied if any of those "guidelines"

6

was not satisfied. *See* Depo. of William Spence at 31 (Feb. 5, 2018), ECF No. 215-18, PageID # 4649.

The five "guidelines" in section 15-15-95(c) for determining whether a proposed used "may be permitted" even if not within what is allowed for the district's classification are:

> (1) The use shall not be contrary to the objectives sought to be accomplished by chapters 205 and 205A, HRS, and the rules of the commission;
>
> (2) The proposed use would not adversely affect surrounding property;
>
> (3) The proposed use would not unreasonably burden public agencies to provide roads and streets, sewers, water drainage and school improvements, and police and fire protection;
>
> (4) Unusual conditions, trends, and needs have arisen since the district boundaries and rules were established; and
>
> (5) The land upon which the proposed use is sought is unsuited for the uses permitted within the district.

*Id.* http://luc.hawaii.gov/wp-content/uploads/2012/09/LUC-Admin-Rules_Chapter15-15_2013.pdf) (Nov. 2, 2013)

The Commission concluded that subsections 15-15-95(c)(2) and (3) were not satisfied by Plaintiffs.[1]  With respect

---

[1]The Commission did not specifically discuss subsection 15-15-95(c)(1)--whether the use was contrary to the objectives sought to be accomplished by chapters 205 and 205A of Hawaii Revised Statutes and the rules of the Land Use Commission.  The Commission noted that it had received no evidence with respect to subsection 15-15-95(c)(4)--whether there were unusual conditions, trends, and needs that had arisen since the State Land Use district boundaries and rules were established.  It also

to subsection 15-15-95(c)(2), the Commission concluded that the uses proposed by Plaintiffs "would adversely affect the surrounding properties" given concerns about the safety of Haumana Road. *Id.*, PageID # 3290. With respect to subsection 15-15-95(c)(3), the Commission concluded that the proposed uses would increase traffic and burden public agencies providing roads and streets and police and fire protection. The Commission stated that it had "significant concerns about the narrowness of Haumana Road and vehicle and pedestrian safety both of potential visitors to the Property and property owners along Haumana Road and the fact that the Property is at the terminus of Haumana Road and therefore traffic to the Property would negatively impact residents' safety and use of Haumana Road." *Id.*

With respect to Plaintiffs' RLUIPA argument, the Maui Planning Commission said:

> 9. The Religious Land Use and Institutional Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc(a)(1), requires that a state or local government may not impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution unless the government demonstrates that the burden is in furtherance of a compelling governmental

---

determined that subsection 15-15-95(c)(5) supported the issuance of the permit in that "the land which the proposed use is sought is suitable for the uses allowed in the Agricultural District." ECF No. 185-9, PageID # 3291.

> interest and is the "least restrictive means"
> of furthering that interest. The Commission
> found that the county has a compelling
> interest in protecting the health, lives, and
> safety of the public. The Commission further
> found that Haumana Road did not meet the
> standard requirements regarding width of
> agricultural or rural roads, and additionally
> that it was one lane in sections and winding,
> which impaired sight distance and
> accessability. The Commission further found
> that there were compelling public health and
> safety issues implicated by the likely
> significant increase in traffic attributable
> to the uses proposed by the Application,
> creating conditions that would be foreseeably
> dangerous or potentially deadly to drivers
> and pedestrians, including children walking
> on the road to and from the bus stop at the
> top, using the small rural roadway. The
> Commission found that inclement weather would
> increase the likelihood of accidents and
> human injuries or death. The Commission
> found that these compelling public health and
> safety issues could not be adequately
> addressed by the implementation of any permit
> condition or use restriction.

ECF No. 185-9, PageID # 3291.

As a precaution, the Maui Planning Commission noted in its decision, "If any Conclusion of Law is later deemed to be a Finding of Fact, is shall be so deemed." Conclusion of Law #10, ECF No. 185-9, PageID # 3291.

On November 26, 2014, rather than appealing the Maui Planning Commission's decision to the state trial court, Plaintiffs filed a Complaint in this court. *See* ECF No. 1. Count X sought to appeal the Maui Planning Commission's denial of the 2012 Special Use Permit application, contending that this

court had supplemental jurisdiction to entertain the appeal. *See* Complaint, ECF No. 1, PageID #s 40-44. In particular, Count X challenged Findings of Fact # 68 and parts of Conclusion of Law # 9, quoted earlier in the present order. *Id.* With respect to Conclusion of Law # 9, Plaintiffs alleged in Count X that the following was not supported by probative, reliable, and substantial evidence: "The Commission further found that there were compelling public health and safety issues implicated by the likely significant increase in traffic attributable to the uses proposed by the Application, creating conditions that would be foreseeably dangerous or potentially deadly to drivers and pedestrians, including children walking on the road to and from the bus stop at the top, using the small rural roadway." *Id.*, PageID # 43. Plaintiffs also alleged that the Commission had erred in concluding that there was a compelling interest at stake and that less restrictive means were not available. *Id.*, PageID # 44.

On January 27, 2016, this court declined to exercise supplemental jurisdiction over the agency appeal claim asserted in Count X, which asked this court to review the Maui Planning Commission's decision under section 91-14 of Hawaii Revised Statutes, pertaining to appeals from contested case hearings. Count X bore the heading "H.R.S. § 91-14," a reference to state law regarding an appeal from an agency's contested case ruling.

Count X additionally had the heading "Appeal from Agency Action."
ECF No. 1, PageID # 40. Treating Count X as a wholly state-law
claim, this court announced that it was exercising its discretion
to refrain from asserting supplemental jurisdiction over Count X.
The court dismissed "Count X without prejudice to Plaintiffs'
pursuing of that claim in state court." *See* ECF No. 109, PageID
# 1279. The court then stayed the remaining claims under *Pullman*
abstention. *Id.* ("The court stays the present case pending the
state circuit court's determination of the matters raised in
Count X.").

On February 22, 2016, Plaintiffs filed an agency appeal
of the Maui Planning Commission's contested case denial of the
permit to the Circuit Court of the Second Circuit, State of
Hawaii. *See* Notice of Appeal to the Circuit Court, Civ. No. 16-
1-0103(1), ECF No. 215-5, PageID # 4303 (appealing the denial
pursuant to section 91-14 of Hawaii Revised Statutes, which
pertains to "Judicial review of contested cases"). The appeal
challenged Finding of Fact # 68, specifically alleging error in
the finding that the denial of the permit represented the least
restrictive means of furthering the compelling governmental
interest of road safety. *See id.*, PageID #s 4319-20. The appeal
also challenged Conclusion of Law # 9 to the extent it stated
that "the likely significant increase in traffic attributable to
the uses proposed by the Application [would create] conditions

Count X additionally had the heading "Appeal from Agency Action."
ECF No. 1, PageID # 40. Treating Count X as a wholly state-law
claim, this court announced that it was exercising its discretion
to refrain from asserting supplemental jurisdiction over Count X.
The court dismissed "Count X without prejudice to Plaintiffs'
pursuing of that claim in state court." *See* ECF No. 109, PageID
# 1279. The court then stayed the remaining claims under *Pullman*
abstention. *Id.* ("The court stays the present case pending the
state circuit court's determination of the matters raised in
Count X.").

On February 22, 2016, Plaintiffs filed an agency appeal
of the Maui Planning Commission's contested case denial of the
permit to the Circuit Court of the Second Circuit, State of
Hawaii. *See* Notice of Appeal to the Circuit Court, Civ. No. 16-
1-0103(1), ECF No. 215-5, PageID # 4303 (appealing the denial
pursuant to section 91-14 of Hawaii Revised Statutes, which
pertains to "Judicial review of contested cases"). The appeal
challenged Finding of Fact # 68, specifically alleging error in
the finding that the denial of the permit represented the least
restrictive means of furthering the compelling governmental
interest of road safety. *See id.*, PageID #s 4319-20. The appeal
also challenged Conclusion of Law # 9 to the extent it stated
that "the likely significant increase in traffic attributable to
the uses proposed by the Application [would create] conditions

that would be foreseeably dangerous or potentially deadly to drivers and pedestrians, including children walking on the road to and from the bus stop at the top, using the small rural roadway." *Id.*, PageID # 4321.

In their state-court appeal, Plaintiffs did not challenge the portion of Conclusion of Law # 9 stating that RLUIPA had not been violated because the government had stated a compelling interest and because the permit denial was the least restrictive means of furthering that interest. Instead, Plaintiffs told the state court:

> Appellants reserve for independent adjudication in the federal courts all federal questions, including but not limited to any federal First or Fourteenth Amendment claims, and claims arising under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*, for adjudication before the United States District Court. *See England v La. State Bd. of Med. Exam'rs*, 375 U.S. 411 (1964).

ECF No. 215-5, PageID # 4308 n.1.

Plaintiffs also announced two other times that, while pursuing the administrative appeal in state court, they were reserving their right to have their federal claims adjudicated in federal court. For example, in their Opening Brief filed in state court on April 25, 2016, Plaintiffs reiterated that reservation. ECF No. 215-6, PageID # 4387. This time, Plaintiffs added, "The only cause of action to be determined in this state court agency appeal is Maui County's violation of the

12

Hawaii State Administrative Procedures Act, Hawaii Revised

Statutes, Chapter 91 *et seq*."  *Id.*

Additionally, in oral argument in state court,

Plaintiffs stated:

> We are required under the Federal Court
> doctrine to preserve our federal claims as
> well as our constitutional claims, US
> constitutional claims, so that we do not
> waive them if we end up before the Federal
> Court again.
>
> So we just want to reiterate for the
> record our preservation under the US Supreme
> Court case England vs. Louisiana Board of
> Medical Examiners . . . that we are
> preserving the claims, specifically regarding
> the Federal Religious Land Use and
> Institutionalized Persons Act, 42 USC, as
> well as our claims under the First Amendment
> for religious freedom and the Fourteenth
> Amendment, and we will not be arguing those
> claims today but, you know, not waive those
> arguments if we need to make them again at
> the Federal Court.

ECF No. 215-7, PageID # 4417.

On November 17, 2016, the Circuit Court of the Second

Circuit, State of Hawaii, affirmed the Maui Planning Commission's

decision.  *See* ECF No. 183-14.  The state court reviewed the

Planning Commission's decision under section 91-14 (governing

contested case appeals), ruling that there was no "clear error in

the Maui Planning Commission's factual findings or error in its

legal conclusions.  Moreover, the Commission's decision does not

appear to be arbitrary, capricious, or an abuse of discretion."

*Id.*, PageID # 3005.  The state court further noted:

In reviewing the findings of fact, the
Commission's decision, the record on appeal,
and applying Maui County Code § 19.510.07 and
Hawai`i Administrative Rules § 15-15-95,
there is more than sufficient basis for the
Planning Commission's denial of the Special
Use Permit.

The Applicants-Appellants argue it was
clear error for the Commission to base its
denial on traffic and road safety concerns.
The Commission had more than enough evidence
to be concerned about traffic and road
safety. Numerous individuals expressed
concern about traffic and road safety.

*Id.*

The state court went on to say:

[T]raffic and road safety were not the only
concerns of the Commission. The Commission
found, among other things, the proposed uses
would adversely affect surrounding properties
in conflict with Hawai`i Administrative Rules
§ 15-15-95(c)(2). The record contains
significant evidence of the negative impact
the proposed uses would inflict upon
surrounding properties.

*Id.*, PageID #s 3005-06. No review was sought in a higher state

court, and the state-court ruling on the appeal from the Maui

Planning Commission's ruling is now a final decision on the

merits.

This court previously granted summary judgment in favor

of both the State of Hawaii and the County of Maui with respect

to Count V. Given that ruling, the parties have stipulated to

the dismissal of the State of Hawaii from this case. Counts I,

II, IV, VI, VII, VIII, and IX remain pending against the County of Maui.

**III.      SUMMARY JUDGMENT STANDARD.**

On July 20, 2018, this court denied motions for summary judgment. *See* ECF 200. The summary judgment standard was set forth in that order and is incorporated here by reference.

**IV.      ANALYSIS.**

The County of Maui's motion seeks a determination that Plaintiffs' remaining claims are precluded by the state circuit court's order and final judgment affirming the Maui Planning Commissions' Findings of Fact and Conclusions of Law that ultimately denied Plaintiffs' requested Special Use Permit. The County of Maui argues that preclusive effect should be given to the Planning Commission's determination because the state circuit court affirmed the Planning Commission's factual findings and conclusions of law and because Plaintiffs failed to challenge the Planning Commission's RLUIPA determination, which Plaintiffs had actively litigated before the Planning Commission. *See* ECF No. 218-1, PageID #s 4681-88. This court therefore examines the preclusive effect of both the Planning Commission's decision and the state circuit court's upholding of that decision. Because the parties had not adequately briefed the preclusive effect of the Planning Commission's decision, the court asked the parties to come to the hearing on this motion prepared to discuss that

15

issue and then provided the parties with an opportunity to file post-hearing briefs on the matter.

The res judicata doctrine precludes parties or their privies from relitigating claims that were or could have been raised in an earlier action in which there is a final judgment on the merits. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). Generally speaking, claim preclusion, or res judicata, prohibits a party from relitigating a previously adjudicated cause of action, as well as all grounds of a claim that might have been but were not litigated or decided.

Issue preclusion, or collateral estoppel, on the other hand, applies to a subsequent suit between the parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action. *See E. Sav. Bank, FSB v. Esteban*, 129 Haw. 154, 158, 296 P.3d 1062, 1066 (2013) ("Claim preclusion prohibits the parties or their privies from relitigating a previously adjudicated cause of action; issue preclusion, by contrast, prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action."); *Dorrance v. Lee*, 90 Haw. 143, 148, 976 P.2d 904, 909 (Haw. 1999); *Kauhane v. Acutron Co.*, 71 Haw. 458, 463, 795 P.2d 276, 278 (1990).

Res judicata and collateral estoppel "are doctrines that limit a litigant to one opportunity to litigate aspects of the case to prevent inconsistent results and multiplicity of suits and to promote finality and judicial economy." *Bremer v. Weeks*, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004).

The preclusive effect in this court of a Hawaii decision is determined by Hawaii law. *Pike v. Hester*, 891 F.3d 1131, 1138 (9th Cir. 2018) ("A federal court applying issue preclusion must give state court judgments the preclusive effect that those judgments would enjoy under the law of the state in which the judgment was rendered." (quotation marks and citation omitted)); *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014) ("We determine the preclusive effect of a state court judgment by applying that state's preclusion principles."); *Zamarripa v. City of Mesa*, 125 F.3d 792, 793 (9th Cir. 1997) ("Federal courts must apply the collateral estoppel rules of the state that rendered the underlying judgment."); *Pedrina v. Chun*, 97 F.3d 1296, 1301 (9th Cir. 1996) ("In determining whether a prior state court action bars a subsequent federal action, the federal court must look to the res judicata principles of the state court in which the judgment was rendered").

Under Hawaii law, the doctrine of res judicata applies when: 1) the claim or cause of action asserted in the present

17

action was or could have been asserted in the prior action,
2) the parties in the present action are identical to, or in
privity with, the parties in the prior action, and 3) a final
judgment on the merits was rendered in the prior action.
*Dannenberg v. State*, 139 Haw. 39, 59, 383 P.3d 1177, 1197 (2016);
*Accord Pedrina*, 97 F.3d at 1301. "Res judicata prohibits the
relitigation of all grounds and defenses which might have been
properly litigated in the prior action, even if the issues were
not litigated or decided in the earlier adjudication of the
subject claim or cause of action." *Dannenberg*, 139 Haw. at 59,
383 P.3d at 1197.

Under Hawaii law, the doctrine of collateral estoppel
bars relitigation of an issue when: (1) the issue decided in the
prior adjudication is identical to the one presented in the
action in question; (2) there is a final judgment on the merits;
(3) the fact or issue decided in the prior adjudication was
actually litigated, finally decided, and essential to the final
judgment; and (4) the party against whom collateral estoppel is
asserted was a party or in privity with a party to the prior
adjudication. *Dannenberg*, 139 Haw. 39, 60, 383 P.3d 1177, 1198
(2016); *Dorrance*, 90 Haw. at 149, 976 P.2d at 910.

The Hawaii Supreme Court has held that the "doctrines
of res judicata and collateral estoppel also apply to matters
litigated before an administrative agency." *Santos v. State,*

*Dep't of Transp., Kauai Div.*, 64 Haw. 648, 653, 646 P.2d 962, 966 (1982). In *Wehrli v. Cty. of Orange*, 175 F.3d 692, 694 (9th Cir. 1999), the Ninth Circuit noted that, "[t]here is no doubt that, as a general matter, a state administrative decision can have preclusive effect." The Ninth Circuit recognized that preclusive doctrines apply to an administrative body's legal as well as factual rulings. *Id.*

In *University of Tennessee v. Elliot*, the Supreme Court ruled that, "when a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." 478 U.S. 788, 799 (1986) (alterations, quotation marks, and citation omitted). This court thus applies res judicata and collateral estoppel principles to matters litigated before administrative agencies when (1) the administrative agency acts in a judicial capacity, (2) the agency resolves disputed issues of fact properly before it, and (3) the parties have an adequate opportunity to litigate. *Id.; United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966) ("When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated

to apply res judicata to enforce repose.").  This is the standard
approved of by the Hawaii Supreme Court in *SCI Mgmt. Corp. v.
Sims*, 101 Haw. 438, 456 n.3, 71 P.3d 389, 407 n.3 (2003).

With these general principles in mind, the court turns
to each remaining claim.

> **A.    Summary Judgment is Granted on Collateral Estoppel
> Grounds in Favor of the County of Maui With
> Respect to Count I (RLUIPA, 42 U.S.C.
> § 2000cc(a)(1)).**

Plaintiffs assert several RLUIPA claims, each under a
separate subsection of RLUIPA.  Count I of the Complaint asserts
that the County of Maui violated 42 U.S.C. § 2000cc(a)(1) of
RLUIPA when the Maui Planning Commission denied Plaintiffs'
requested Special Use Permit "in a manner that place[d] a
substantial burden on the Plaintiffs' religious exercise without
using the least restrictive means of achieving a compelling
government interest."  ECF No. 1, PageID #s 35-36.  The Ninth
Circuit has explained that

> RLUIPA provides that a government land-use
> regulation "that imposes a substantial burden
> on the religious exercise of a . . .
> religious assembly or institution" is
> unlawful "unless the government demonstrates
> that imposition of the burden . . . is in
> furtherance of a compelling governmental
> interest; and is the least restrictive means
> of furthering that compelling governmental
> interest." 42 U.S.C. § 2000cc(a)(1).  Thus,
> RLUIPA analysis proceeds in two sequential
> steps.  First, the plaintiff must demonstrate
> that a government action has imposed a
> substantial burden on the plaintiff's
> religious exercise.  Second, once the

20

> plaintiff has shown a substantial burden, the
> government must show that its action was "the
> least restrictive means" of "further[ing] a
> compelling governmental interest."  *Id.*

*Int'l Church of Foursquare Gospel v. City of San Leandro*, 673
F.3d 1059, 1066 (9th Cir. 2011).

The RLUIPA provision in issue in Count I was addressed
by the Planning Commission.  Having failed to persuade the
Planning Commission that RLUIPA would be violated by a denial of
their permit application, Plaintiffs opted not to repeat their
RLUIPA argument when they appealed the Planning Commission's
decision to the state court.  Plaintiffs did not thereby trigger
res judicata, but they are collaterally estopped from proceeding
with Count I.  In short, Plaintiffs cannot prevail on Count I.

### 1.     The Planning Commission's RLUIPA Determination Does Not Have Res Judicata Effect as to Count 1.

In denying the previous summary judgment motion, this
court noted that, under *England v Louisiana State Board of
Medical Examiners*, 375 U.S. 411 (1964), "a litigant who has
properly invoked the jurisdiction of a Federal District Court to
consider federal constitutional claims" should not be "compelled,
without his consent and through no fault of his own, to accept
instead a state court's determination of those claims."  375 U.S.
at 415.  *England* provides that a litigant may therefore "reserve"
the right to return to federal court to have federal claims

adjudicated. *Id.* at 421-22. However, the litigant may forgo the right to have federal claims decided by a federal court by "freely and without reservation" submitting the claims for adjudication by a state court. *Id.* at 419. In an earlier order, this court said that Plaintiffs had properly exercised an *England* reservation with respect to their federal claims. It was unnecessary in that order for the court to go beyond whether Count V could proceed. In any event, this court now addresses anew whether Count I may proceed in this court.

In *State v. Higa*, 79 Haw. 1, 8, 897 P.2d 928, 935 (1995), the Hawaii Supreme Court discussed the res judicata effects of an administrative revocation of a driver's license for driving under the influence of an intoxicating liquor. *Higa* noted that the res judicata doctrine applies to matters litigated before an administrative agency, and that courts apply res judicata "when three conditions are present: (1) the issue in the prior adjudication is identical to the present one; (2) there was a final judgment on the merits; and (3) the party against whom the doctrine is asserted was a party, or was in privity with a party, in the prior adjudication." *Id.*

Res judicata is inapplicable to Count I because the issue before the agency was not identical to the issue before this court. Plaintiffs argued to the Maui Planning Commission that denying the requested permit would violate RLUIPA. But the

issue before this court is whether the Maui Planning Commission's decision substantially burdens Plaintiffs' religion in violation of RLUIPA. Because these are not identical issues, res judicata does not bar Count I.

Moreover, what the Planning Commission had before it was only Plaintiffs' argument, advanced in support of its permit application, that RLUIPA would be violated if their permit application was denied. The argument sought to prevent what Plaintiffs viewed as a RLUIPA violation. By contrast, Count I asserts that RLUIPA has indeed been violated by the Planning Commission's denial of their permit application. This is a claim, not simply an argument of law.

In determining whether two proceedings involved the same "issue" for res judicata purposes, the distinction between a claim and an argument may sometimes be faint. But here, as Plaintiffs argued at the hearing on the present motion, the RLUIPA claim contained in Count I could not have been adjudicated by the Planning Commission because Plaintiffs had no RLUIPA violation to allege until the Planning Commission had concluded its proceedings and denied their permit application.

## 2. The Collateral Estoppel Doctrine Bars Count I.

Even though res judicata is inapplicable to Count I, Plaintiffs cannot prevail on Count I given the collateral estoppel doctrine.

As this court has previously recognized, even if an *England* reservation is required and is properly exercised, that does not preclude the application of collateral estoppel:

> Of course, while ruling that Plaintiffs' *England* reservation makes the res judicata doctrine inapplicable to the prior restraint claim, this court is not ignoring the collateral estoppel issue. To the extent a necessary issue may have been fully litigated in state court that is identical to an issue before this court, Plaintiffs are precluded from taking a second bite of the apple. An *England* reservation does not "prevent[] the operation of the issue preclusion doctrine." *San Remo Hotel, L.P. v. San Francisco City & Cty.*, 364 F.3d 1088, 1095 (9th Cir. 2004) (quotation marks and citation omitted).

2019 WL 1781061, at *7. This court has before it a state court's decision addressing factual issues critical to Count I. That decision did not review all of the Planning Commission's findings and conclusions relating to RLUIPA, but this court gives collateral estoppel effect to the Planning Commission's determination of those other matters pertinent to the RLUIPA substantial burden claim asserted in Count I.

"[W]hen a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the

24

parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *Univ. of Tenn.*, 478 U.S. at 799.  The Hawaii Supreme Court has adopted the standard set forth in United States Supreme Court precedent.  To determine the collateral estoppel effect of the Planning Commission's decision, as affirmed by the state court, this court examines whether (1) the administrative agency acted in a judicial capacity, (2) the agency resolved disputed issues of fact properly before it, and (3) the parties had an adequate opportunity to litigate.  *Id.; Utah Constr.*, 384 U.S. at 422; *SCI Mgmt. Corp.*, 101 Haw. at 456 n.3, 71 P.3d at 407 n.3.

The Planning Commission's rulings satisfy each collateral estoppel requirement.  The Planning Commission ruled that the County of Maui had a compelling governmental interest in safety and that the permit denial was the least restrictive means of furthering that interest.  The Planning Commission's ruling as to the existence of a compelling governmental interest is fully consistent with law.  *See Bischoff v. Fla.*, 242 F. Supp. 2d 1226, 1237 (M.D. Fla. 2003) ("The purpose behind the contested statutes is to ensure public safety on roads, which is a compelling government interest."); *Cole v. Roadway Express, Inc.*, 218 F. Supp. 2d 350, 356 (W.D.N.Y. 2002) ("the public has a compelling interest in maintaining safe roadways"); *see also McCloskey v.*

*Honolulu Police Dep't*, 71 Haw. 568, 576, 799 P.2d 953, 958 (1990) (stating that protecting public safety is a compelling interest).

This court notes that both legal and factual rulings by the Planning Commission have preclusive effect. *See Wehrli*, 175 F.3d at 694. Even if only factual findings had preclusive effect and this court were required to make its own legal determination as to whether the County of Maui has a compelling governmental interest in protecting the public, this court has no hesitation in recognizing such an interest as compelling. *See Garner v. Kennedy*, 713 F.3d 237, 242 (5th Cir. 2013) (noting that "courts have generally held that whether the imposition of a burden is the least restrictive means of furthering a compelling government interest is a question of law," but stating in a RLUIPA substantial burden case that "whether the imposition of a burden is the least restrictive means of furthering a compelling government interest is best characterized as a mixed question of fact and law" because it is "highly dependent of a number of factual issues").

The Commission's factual finding that the denial of the permit was the least restrictive means of furthering the governmental interest, as affirmed by the state court, has collateral estoppel effect here and bars Count I.

### a. The Planning Commission Acted in a Judicial Capacity.

Plaintiffs assert that the collateral estoppel doctrine is inapplicable because the Planning Commission did not act in a judicial capacity in denying their Special Use Permit application. That assertion is inconsistent with the applicable case law. The Planning Commission conducted a contested case proceeding, which required the Commission to act in a judicial capacity.

Hawaii's Intermediate Court of Appeals has stated that "a contested case is one in which the agency performs an adjudicative as compared to an administrative function." *Hawaii Gov't Employees' Ass'n, AFSCME Local 152 v. Pub. Emps. Comp. Appeals Bd. of State of Haw.*, 10 Haw. App. 99, 107, 861 P.2d 747, 752 (Ct. App. 1993). Section 91-1(5) of Hawaii Revised States defines a "contested case" as "a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing."

In *Bush v. Hawaiian Homes Commission*, 76 Haw. 128, 134, 870 P.2d 1272, 1278 (1994), the Hawaii Supreme Court ruled that a hearing by an agency that is "required by law" amounts to a "contested case" for which a direct appeal to the state circuit court is possible under section 91-14 of Hawaii Revised Statutes. That statute provides for appellate review of contested cases before administrative agencies.

Plaintiffs sought a Special Use Permit under section 205-6 of Hawaii Revised Statutes. Because a hearing was required by section 205-6(b) with respect to that permit application, the Planning Commission was required to conduct a "contested case" hearing. In so doing, it had to act in a judicial capacity.

In *Bush*, the Hawaii Supreme Court said that, "if a contested case hearing has not been held, judicial review in the circuit court cannot be obtained because the court does not have jurisdiction pursuant to HRS § 91-14(a)." 76 Haw. at 137, 870 P.2d at 1281. While the Hawaii Supreme court noted the possibility of appellate review of administrative decisions outside of section 91-14, it specifically held that section 91-14 only provides appellate jurisdiction when contested cases have been conducted. *Id.*

When they appealed the Planning Commission's decision to the Circuit Court of the Second Circuit, State of Hawaii, Plaintiffs asserted that the state court had jurisdiction under section 91-14 of Hawaii Revised Statutes. *See* ECF No. 215-5, PageID #s 4303 and 4306. In affirming the Planning Commission, the state court noted that the appeal had been brought under section 91-14 and applied its standards in affirming the Planning Commission. *See* ECF No. 183-14, PageID # 3005.

Having relied on the statute applicable to appeals from contested cases, Plaintiffs can hardly argue that the Planning

Commission failed to conduct a contested case hearing in which it acted in a judicial capacity. The parties and the state court proceeded presuming that the Planning Commission had acted in a judicial capacity and had ruled in a contested case.

### b. The Planning Commission Resolved Disputed Issues of Fact Properly Before It.

The Planning Commission resolved disputed issues of fact that were properly before it. Plaintiffs argued to the Planning Commission that RLUIPA required the granting of their permit application. Plaintiffs contended that their Special Use Permit application could not be denied unless the Planning Commission determined that there was a compelling governmental interest and that the denial of the requested permit was the least restrictive means of furthering that interest. Disputed issues in that regard were resolved by the Planning Commission. This court gives collateral estoppel effect to the Commission's rulings.

The Planning Commission concluded that the proposed uses would increase traffic and burden public agencies providing roads and streets, police and fire protection. The Commission stated that it had "significant concerns about the narrowness of Haumana Road and vehicle and pedestrian safety both of potential visitors to the Property and property owners along Haumana Road and the fact that the Property is at the terminus of Haumana Road

and therefore traffic to the Property would negatively impact residents' safety and use of Haumana Road."  *Id.*, PageID # 3290.

The Maui Planning Commission expressly recognized the RLUIPA requirements relevant to the very matter that is the subject of Count I.  *See* ECF No. 185-9, PageID # 3291.  The Planning Commission made factual findings concerning road safety, a subject that was hotly disputed and properly before it.  The state court affirmed those factual findings.

### c. The Parties Had an Adequate Opportunity to Litigate.

Plaintiffs had an "adequate opportunity to litigate." At the contested case hearing, Plaintiffs had a statutory right to retain counsel and to present evidence and argument.  *See* Haw. Rev. Stat. § 91-9(b)(5) and (c).  Additionally, Plaintiffs had "the right to conduct such cross-examination as may be required for a full and true disclosure of the facts, and . . . the right to submit rebuttal evidence."   Haw. Rev. Stat. § 91-10(3). While the Planning Commission limited the time each witness was allowed to testify because written testimony had already been received, Plaintiffs do not establish that the Planning Commission refused to allow them the exercise their rights to have counsel, to cross-examine witnesses, or to submit rebuttal evidence.  Plaintiffs' decision not to exercise such rights does not mean that they were denied an "adequate opportunity to litigate."

*Dodd v. Hood River County*, 136 F.3d 1219, 1226-27 (9th Cir. 1998), is instructive on this subject. In *Dodd*, the Ninth Circuit rejected a contention that a party had not had a full and fair opportunity to administratively litigate a matter because procedures used before the agency were not as formal as those used in court proceedings. Even though testimony was not sworn and witnesses were not cross-examined, the Ninth Circuit ruled that the parties had had a full and fair opportunity to be heard because the parties had had the opportunity to request a full evidentiary hearing. That a party did not invoke that right was not a denial of an opportunity to litigate. The Ninth Circuit ruled:

> the Dodds' own failure to request a full evidentiary hearing before LUBA should not enable them to avoid the operation of the issue preclusion doctrine now. Otherwise, parties who desire to pursue actions in a different forum could do so without fearing the effects of issue preclusion by merely failing to pursue a claim by all procedures available to them in the first forum. The Dodds were given a sufficient opportunity to be heard on the land value issue.

*Id.*, 136 F.3d at 1227.

Of course, Plaintiffs also had the right to appeal the Planning Commission's decision. *See* Haw. Rev. Stat. § 91-14(a). Plaintiffs exercised that right, appealing the Commission's Finding of Fact # 68, which stated that the denial of the permit represented the least restrictive means of furthering the

compelling governmental interest in road safety.  *See* ECF No.
215-5, PageID #s 4319-20.  When judicial review is unavailable, a
party lacks "an adequate opportunity to litigate."  However, if
judicial review of an administrative adjudication is available
but unused, a party has had "an adequate opportunity to
litigate," and the administrative decision is given preclusive
effect.  *Id.*

     As the Ninth Circuit stated in *Plaine v. McCabe*, "If an
adequate opportunity for review is available, a losing party
cannot obstruct the preclusive use of the state administrative
decision simply by foregoing her right to appeal."  797 F.2d 713,
719 n.12 (9th Cir. 1986).  Under section 91-14(g), Plaintiffs
could have appealed any alleged lack of due process or any other
right, including any alleged failure to provide required rights
with respect to contested cases such as requiring statements to
have been made under oath, allowing witnesses to testify in
person, and being given an opportunity to cross-examine
witnesses.  Plaintiffs' failure to assert on appeal any lack of
fairness before the Planning Commission precludes them from
raising such issues before this court.

     The court is unpersuaded by Plaintiffs' citation of
Hawaii Administrative Rule § 12-201-52 for the proposition that
procedural protections in contested cases only apply when there
is a formal intervenor.  An administrative rule cannot take away

rights specifically provided by state statute. Moreover, the cited administrative rule does not stand for the proposition for which Plaintiffs cite it. It states:

> Purpose: If the petition to intervene is granted by the commission, this subchapter and subchapters 2, 3, and 5 shall govern the contested case procedures before the commission. Subchapters 3, 4 and 5 shall not be applicable where the commission does not have final authority over any matter. These procedures may be modified or waived by the parties with the consent of a proper majority of the commission or hearing officer, as the case may be.

Haw. Admin. R. 12-201-52. Hawaii Administrative Rule § 12-201-52 does not state that procedural protections will be provided only when there is an intervenor in a contested case.

Collateral estoppel bars Count I. Summary judgment is granted to the County as to Count I.

### B. Summary Judgment is Denied With Respect to Count IV (RLUIPA, 42 U.S.C. § 2000cc(b)(1)).

In Count IV, Plaintiffs assert that Defendants violated a different RLUIPA section, 42 U.S.C. § 2000cc(b)(1). Count IV asserts that the County of Maui deprived Plaintiffs of their right to freely exercise their religion by imposing or implementing "a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution." The Ninth Circuit has identified the elements of a § 2000cc(b)(1) violation: (1) there must be an imposition or implementation of a land-use regulation,

(2) by a government, (3) on a religious assembly or institution; (4) on less than equal terms with a nonreligious assembly or institution. *See Centro Familiar Cristiano Buenas Nuevas v. City of Yuma*, 651 F.3d 1163, 1170-71 (9th Cir. 2011); *Calvary Chapel*, 2017 WL 6883866, at *8. "The statute does not provide for 'strict scrutiny' of a 'compelling governmental interest' to see if the government can excuse the equal terms violation." *Centro Familiar Cristiano Buenas Nuevas v. City of Yuma*, 651 F.3d 1163, 1171 (9th Cir. 2011).

A defendant "violates the equal terms provision only when a church is treated on a less than equal basis with a secular comparator, similarly situated with respect to an accepted zoning criteria" *See id.* at 1173. Plaintiffs have pointed to evidence of the grant of a Special Use Permit to a nonreligious landowner. For example, the Maui Planning Commission approved a Special Use Permit for Ali`i Kula Lavender Farm to conduct tourism activities (including agricultural classes and workshops), to operate a gift shop, to conduct wedding ceremonies, and to have catered receptions and other special events. See ECF No. 185-13, PageID # 3402. The Maui Planning Commission also granted a Special Use Permit to Hale Akua Garden Farm Retreat Center to use agricultural land for a well-being education operation with overnight accommodations. See ECF No. 185-16, PageID #s 3470, 3484, 3494.

34

Whether those grants are evidence of "less than equal terms" is not clear and appears to turn on factual disputes, as this court noted in its order of July 20, 2018. *See* 322 F. Supp. 3d 1051, 1066 (D. Haw. 2018). The grant of a permit to a different landowner was a fact presented to the Planning Commission. *See Minutes of Maui Planning Commission* at 50 (March 25, 2014) ("there are churches of course in numerous locations throughout the Agricultural District which are operating today"), https://www.mauicounty.gov/ArchiveCenter/ViewFile/Item/19187 (last visited July 19, 2019). However, the Planning Commission, not having the particular Count IV RLUIPA claim before it, made no determination going to the RLUIPA element of "less than equal terms" such that any preclusion doctrine clearly applies. The County of Maui fails to demonstrate that, for RLUIPA purposes, it was justified in treating Plaintiffs differently from a secular comparator, assuming such differential treatment occurred. Summary judgment is denied with respect to Count IV.

**C.** **Summary Judgment is Granted in Favor of the County of Maui With Respect to Count VI (Free Exercise of Religion Claim Under § 1983).**

In Count VI, Plaintiffs assert that Defendants violated their right to freely exercise their religion, as secured by the First Amendment of the Constitution, "by substantially burdening Plaintiffs' religious exercise without using the least restrictive means of achieving a compelling governmental

interest, and by discriminating against the plaintiffs on the basis of religion." ECF No. 1, PageID # 38. Plaintiffs also assert that the burden on their religion does not pass the rational basis test. *Id.*

In *Employment Division v. Smith*, 494 U.S. 872, 879 (1990), the Supreme Court analyzed a free exercise of religion claim under a rational basis test. Under that test, a rationally based, neutral law of general applicability does not violate the right to free exercise of religion even though the law incidentally burdens a particular religious belief or practice. *Id. Smith* noted that "the right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)." 494 U.S. at 879. The Court explained: "The government's ability to enforce generally applicable prohibitions of socially harmful conduct, like its ability to carry out other aspects of public policy, cannot depend on measuring the effects of a governmental action on a religious objector's spiritual development." *Id.* at 885 (quotation marks and citation omitted). To the extent Plaintiffs assert that the neutral law of general applicability here imposed a burden on their free exercise of religion, they make no showing that the rational burden test is unsatisfied. The court rules

that declining to issue Plaintiffs a Special Use Permit satisfies the rational basis test.

The Planning Commission ruled that the safety issue posed by Plaintiffs' proposed use of Haumana Road warranted denial of the permit. But that determination does not end the analysis of Count IV. *Smith* also recognized a "hybrid" claim in which a Free Exercise Clause claim is asserted in conjunction with the assertion of other constitutional protections, such as freedom of speech and of the press. 494 U.S. at 881. The Ninth Circuit has explained that such a "hybrid" claim requires the application of strict scrutiny analysis. *See San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1031 (9th Cir. 2004). The Ninth Circuit has provided the following guidance:

> Three principles of First Amendment law may be distilled from the abovementioned authorities. If the zoning law is of general application and is not targeted at religion, it is subject only to rational basis scrutiny, even though it may have an incidental effect of burdening religion. If such a law burdens the free exercise of religion and some other constitutionally-protected activity, there is a First Amendment violation unless the strict scrutiny test is satisfied (i.e., the law is narrowly tailored to advance a compelling government interest). This type of First Amendment claim is sometimes described as a "hybrid rights" claim. Similarly, if the zoning law is not neutral or generally applicable, but is directed toward and burdens the free exercise of religion, it must meet the strict scrutiny test. Finally, if the zoning law only incidentally burdens the free exercise of religion, with the law

>           being both neutral and generally applicable,
>           it passes constitutional muster unless the
>           law is not rationally related to a legitimate
>           governmental interest.

*Id.* at 1031 (citations omitted).

At the hearing, Plaintiffs stated that they are asserting a hybrid claim in that they are claiming both a violation of their freedom of religion rights and violations of their free speech and equal protection right.  As discussed above, the County had a compelling interest in protecting the public, and Plaintiffs are collaterally estopped from relitigating the issue of whether the permit denial is the least restrictive means of furthering that interest.  Summary judgment is granted in favor of the County of Maui with respect to Count VI.  The County demonstrates as a matter of law that its challenged conduct satisfies strict scrutiny.

> **D.  Summary Judgment is Granted in Favor of the County of Maui With Respect to Count VII (Equal Protection Claim Under § 1983).**

In Count VII, Plaintiffs assert that Defendants deprived them of "equal protection of the laws, as secured by the Fourteenth Amendment to the United States Constitution, by discriminating against Plaintiffs in the imposition and implementation of their land use regulations."  ECF No. 1, PageID # 39.  The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const.

amend. XIV, § 1.  Pursuant to the Equal Protection Clause, the
government must treat all similarly situated persons alike.
*Green v. City of Tucson*, 340 F.3d 891, 896 (9th Cir. 2003).  "A
showing that a group was singled out for unequal treatment on the
basis of religion may support a valid equal protection argument."
*Alpha Delta Chi-Delta Chapter v. Reed*, 648 F.3d 790, 804 (9th
Cir. 2011) (quotation marks and citation omitted).

        To determine whether the County of Maui's conduct
violates the Equal Protection Clause, the court first selects the
proper level of scrutiny to apply.  *See Honolulu Weekly, Inc. v.
Harris*, 298 F.3d 1037, 1047 (9th Cir. 2002).  When conduct
burdens a fundamental right or makes a distinction based on a
suspect classification, the court employs strict scrutiny review.
*Id.*  Conduct that is based on religious rights is a distinction
based on a suspect classification.  *See Friedman v. Rogers*, 440
U.S. 1, 17 (1979).  Accordingly, for the County of Maui's conduct
with respect to Plaintiffs' religious rights to survive an equal
protection challenge, it must pass strict scrutiny, which asks
whether the challenged conduct, law, or ordinance is narrowly
tailored to serve a compelling governmental interest.  *See
Honolulu Weekly*, 298 F.3d at 1047.

        Even assuming that Plaintiffs have been treated
differently from similarly situated organizations, the County of
Maui's conduct satisfies strict scrutiny.  As noted in preceding

sections of this order, the County has a compelling interest in road safety. Under the collateral estoppel doctrine, the parties are bound by the Planning Commission's factual determination, as affirmed by the state court, that denial of the permit is the least restrictive means of furthering that interest. Accordingly, the court grants summary judgment in favor of the County of Maui with respect to Count VII.

### E. Summary Judgment is Granted in Favor of the County of Maui With Respect to Count II (RLUIPA, 42 U.S.C. § 2000cc(b)(2)).

This court addresses Count II out of numerical order so that similar counts can be discussed in proximity to each other.

In Count II, Plaintiffs bring a RLUIPA claim under a section of RLUIPA different from the sections on which Counts I and IV are based. Count II asserts that the County of Maui violated 42 U.S.C. § 2000cc(b)(2) by imposing or implementing "a land use regulation that discriminates against any assembly or institution on the basis of religion or religious denomination." Evidence of discriminatory intent has been said by the Second Circuit to be required to establish a claim under 42 U.S.C. § 2000cc(b)(2) in the same way required by equal protection precedent. *See Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 198 (2d Cir. 2014); *Calvary Chapel Bible Fellowship v. Cty. of Riverside*, 2017 WL 6883866, at *12 (C.D. Cal. Aug. 18, 2017) ("Although the Ninth

Circuit has not yet addressed the analysis under the nondiscrimination provision of RLUIPA, other courts have looked to equal protection precedent in weighing such claims").

Under 42 U.S.C. § 2000cc(b)(2), Plaintiffs have the initial burden of showing that they were treated differently from a similarly situated organization. While there may be a question of fact as to such discriminatory intent, the court nevertheless grants summary judgment in favor of Defendants with respect to Count II for the reasons set forth with respect to the equal protection claim asserted in Count VII. If the equal protection claim asserted in Count VII fails because the County of Maui has demonstrated a compelling governmental interest that is furthered by a means narrowly tailored to further that interest, and if this court looks to that equal protection precedent in evaluating Plaintiffs' § 2000cc(b)(2) claim, it follows that the § 2000cc(b)(2) claim asserted in Count II also fails.

As discussed above, Plaintiffs are bound by the Planning Commission's factual finding that the permit denial is the least restrictive means of furthering the County of Maui's interest in keeping the public safe. This was a finding affirmed on appeal to the state court. While Plaintiffs reserved their right to bring Count II in this court, they remain bound, in litigating Count II here, by administrative determinations, affirmed by the state court, that are final.

**F.   The Court Grants Summary Judgment in Favor of the County of Maui With Respect to Counts VIII and IX (Violations of the Hawaii Constitution).**

Count VIII alleges a violation of Plaintiffs' free exercise of religion rights under Hawaii's constitution, and Count IX alleges an equal protection violation under Hawaii's constitution.  Whether Plaintiffs could validly exercise an *England* reservation with respect to state-law claims is unclear. The parties have never mentioned, much less briefed, this issue. Even if such claims could be said to have been reserved for adjudication by this court, the County is entitled to summary judgment with respect to Counts VIII and IX.

Article I, section 4 of the Hawaii constitution guarantees a right to freedom of religion.  In *Korean Buddhist Dae Won Sa Temple of Hawaii v. Sullivan*, 87 Haw. 217, 245-46, 953 P.2d 1315, 1343-44 (1998), the Hawaii Supreme court noted that, in adjudicating a freedom of religion claim under Article I, section 4 of the Hawaii Constitution, plaintiffs must show a substantial burden on their religion.  If plaintiffs make such a showing, the burden shifts to defendants to demonstrate a compelling state interest that is narrowly tailored to further that interest.  *Id.*  This court has already determined that the County of Maui has stated a compelling governmental interest in protecting the public.  This court has also recognized the preclusive effect of the Planning Commission's factual finding,

42

as affirmed by the state court, that the permit denial is the least restrictive means of furthering that interest.  Plaintiffs' freedom of religion claim under the Hawaii Constitution therefore cannot proceed even assuming Plaintiffs have shown a substantial burden on their religion.

With respect to the equal protection claim asserted under the Hawaii constitution in Count IX, the court also grants summary judgment in favor of the County.  Article I, section 5 of the Hawaii constitution provides that "[n]o person shall be deprived of life, liberty or property without due process of law, nor be denied the equal protection of the laws, nor be denied the enjoyment of the person's civil rights or be discriminated against in the exercise thereof because of race, religion, sex or ancestry."  As with the federal equal protection analysis, Hawaii courts apply a strict scrutiny standard "where equal protection challenges involve 'suspect' classifications or fundamental rights."  *See Nagle v. Bd. of Educ.*, 63 Haw. 389, 392, 629 P.2d 109, 111–12 (1981).  Under that standard, as explained in connection with Count VII (the federal equal protection claim), the County must show a compelling governmental interest and the least restrictive means of furthering that interest.  The County is entitled to rely on the Planning Commission's rulings, affirmed by the state court, that the County has made the showing required by strict scrutiny analysis.

## V.      CONCLUSION.

The court grants summary judgment in favor of the County of Maui with respect to all claims except Count IV, which asserts an equal terms claim under RLUIPA, 42 U.S.C. § 2000cc(b)(1). Count IV is the only claim remaining for further adjudication.

IT IS SO ORDERED.

DATED: Honolulu, July 22, 2019.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Spirit of Aloha Temple, et al. v. County of Maui*, Civ. No. 17-00535 SOM/WRP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTY OF MAUI'S MOTION FOR SUMMARY JUDGMENT