IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPIRIT OF ALOHA TEMPLE AND FREDRICK R. HONIG, | ) CIVIL NO. 14-00535 SOM-WRP ) |
| Plaintiffs, | ) FINDINGS AND ) RECOMMENDATION TO GRANT ) IN PART AND DENY IN PART |
| vs. | ) PLAINTIFF SPIRIT OF ALOHA ) TEMPLE'S MOTION FOR |
| COUNTY OF MAUI, ET AL., | ) REVIEW OF TAXABLE COSTS ) |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF SPIRIT OF ALOHA
TEMPLE'S MOTION FOR REVIEW OF TAXABLE COSTS

Before the Court is Plaintiff Spirit of Aloha Temple's Motion for Review of Taxable Costs, filed on October 10, 2019 (Motion).[1] See ECF No. 405. After the Court allowed late briefing, see ECF No. 421, Defendant County of Maui (the County) filed a Response to the Motion on November 12, 2019. See ECF No. 423. Plaintiff filed its Reply on November 19, 2019. See ECF No. 426. The Court finds the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the

---

[1] The Motion was filed on behalf of Plaintiff Spirit of Aloha Temple only. See ECF No. 405, 426. For purposes of this Findings and Recommendation the Court refers collectively to Plaintiff Spirit of Aloha Temple and Plaintiff Fredrick R. Honig as Plaintiffs and refers to Plaintiff Spirit of Aloha Temple only as Plaintiff.

District of Hawaii (Local Rules).

After careful consideration of the Motion, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART.[2]

## BACKGROUND

Because the parties and the Court are familiar with the history of this case, the Court includes only those facts relevant to the present Motion.

On August 23, 2019, the Clerk entered judgment in favor of Defendants based on the jury verdict in favor if Defendants. See ECF No. 393. On September 6, 2019, the County filed a Bill of Costs asking the Court to tax costs of $17,755.72 against Plaintiffs. See ECF No. 396. Plaintiffs did not file objections to the Bill of Costs under Local Rule 54.1(d). Costs were taxed as requested against Plaintiffs on September 25, 2019. See ECF No. 404.

Plaintiff filed the present Motion under Federal Rule of Civil 54(d)(1), which allows parties to file a motion within seven days after costs are taxed. See Fed. R. Civ. P. 54(d)(1); see also LR54.1(e). Plaintiff asks the Court (1) to deem

---

[2] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

2

that costs are waived because the County's Bill of Costs failed to comply with Local Rules; (2) to significantly reduce the costs taxed; and (3) stay the taxation of costs pending appeal.  See ECF No. 405.

## ANALYSIS

Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  Courts have discretion to award costs pursuant to Rule 54(d).  See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  Under Rule 54(d), there is a presumption that the prevailing party will be awarded its taxable costs.  See Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003).  Local Rule 54.1(a)[3] provides that "[n]on-compliance with any provision of LR54.1 shall be deemed a waiver of costs."  LR54.1(a).

### 1. The Court Finds that the County Did Not Waive Costs

Plaintiff asks the Court to find that the County waived its claim for costs because the Bill of Costs failed to comply with a "provision of LR54.1."  See

---

[3] The Local Rules were amended effective September 1, 2019, five days before the County filed its Bill of Costs.  The amendments did not significantly change the provisions discussed in this Findings and Recommendation.

3

ECF No. 405 at 5-8. Plaintiff argues that County failed to comply with Local Rule 54.1(c), which details the required "contents" of the Bill of Costs. See LR54.1(c). Local Rule 54.1(c) reads, in pertinent part, as follows:

> The Bill of Costs must state separately and specifically each item of taxable costs claimed. It must be supported by a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law. The affidavit must also contain a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs and the results of such a conference, or explain why the conference was not held. . . . Any vouchers, bills, or other documents supporting the requested costs shall be attached as exhibits.

LR54.1(c). Specifically, Plaintiff argues that the County's memorandum in support of the Bill of Costs was inadequate, the declaration of counsel failed to include sufficient details, and the County failed to meaningfully meet and confer regarding costs. See id. The County argues that it complied with the Local Rules.

      Here, the County's submission to the Court is far from the model to support a request for taxation of costs. For example, the County's memorandum in support of the Bill of Costs contains a conclusory statement that all of the requested costs were allowed under 28 U.S.C. §§ 1920-25 and the Local Rules. See ECF No. 396-2 at 2. The declaration of counsel similarly contains a conclusory statement that Plaintiffs' counsel was "informed about the Bill of

4

Costs" and did not have "immediate objection, but reserved the right to object at a later date." See ECF No. 396-3 at 2. While the memorandum and affidavit should reflect more work in advance and offer more substance, the County's Bill of Costs and supporting invoices, vouchers and other documents are very detailed and provide ample information about the costs to be taxed.

Accordingly, although portions of the County's submissions arguably contain only the bare minimum needed to facially comply with the requirements of the Local Rules, the Court finds that the interests of justice are better served by addressing the merits of the costs at issue instead of finding waiver.

**2. Certain Reductions to the Costs Requested are Appropriate**

The costs that the court is authorized to tax under Rule 54(d)(1) are enumerated at 28 U.S.C. § 1920:

1. Fees of the clerk and marshal;

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees,

5

      expenses, and costs of special interpretation services
under section 1828 of this title.

28 U.S.C. § 1920.

Based on the County's Bill of Costs, costs were taxed against Plaintiffs in the amount of $17,755.72.  See ECF Nos. 396, 404.  Plaintiff asks the Court to review the costs requested for deposition transcripts, trial and hearing transcripts, copying costs, witness fees, and service of process fees.  See ECF No. 405 at 9-14.

### A.  Deposition Transcripts

Section 1920(2) permits the taxation of fees for "transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Local Rule 54.1(f)(2) states that the deposition need not be used at trial or introduced in evidence, but only that at the time it was taken "it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery."  LR54.1(f)(2).  Plaintiff asserts that certain costs requested for deposition transcript fees should be denied.  See ECF No. 405 at 9-10.

First, Plaintiff challenges the deposition transcript costs for the depositions of Gary Yabuta, Will Spence, Wayne Hedani, Marilyn Niwao, Scott English, and John Rapacz.  See id. at 10.  Plaintiff argues that the County only called one of these individuals to testify at trial and did not introduce these

6

deposition transcripts into evidence. See id. The County argues that it was reasonably expected that these deposition transcripts would be used for trial preparation because these individuals were deposed by Plaintiffs and some of these individuals were listed as trial witnesses by Plaintiffs. See ECF No. 423 at 3-4.

The Court finds that the County has sufficiently shown that it was reasonably expected that the depositions of Will Spence, Wayne Hedani, and John Rapacz would be used for trial preparation rather than mere discovery because these three individuals were listed on Plaintiffs' trial witness list. See ECF No. 263. However, the County fails to provide sufficient information to demonstrate that the depositions for Marilyn Niwao and Scott English were for trial preparation rather than mere discovery. The County does not provide any information about the role of these individuals or how the County expected to use their deposition transcripts in preparing for trial. See ECF No. 423. Accordingly, the Court finds that the costs for the remaining two depositions should be deducted from the taxable costs: Ms. Niwao for $247.97[4] and Mr. English for $107.13[5].

Second, Plaintiff challenges the costs for the videotaped depositions of Plaintiff Fredrick Honig and Meenakshi Angel Honig. See ECF No. 405 at 10.

---

[4] $238.05 in costs + $9.92 in taxes (4.166%) = $247.97. See ECF No. 396-8.

[5] $102.85 in costs + $4.28 in taxes (4.166%) = $107.13. See id.

Local Rule 54.1(f)(2) allows for the costs of "a stenographic ***and/or*** video original and one copy of any deposition transcript." LR54.1(f)(2)(emphasis added). Here, the County requested costs for the video depositions, transcripts of the video depositions, and copies of the video depositions of Mr. Honig and Ms. Honig. See ECF Nos. 396-10, 396-11, 396-13, 396-14. It was reasonable for the County to expect that the transcripts or the videos could have been used by the County for impeachment purposes at trial. Accordingly, the Court finds that the costs for both the stenographic and video originals are taxable.

### B.  Trial and Hearing Transcripts

Costs also may be taxed for trial and hearing transcripts because they too may be "transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiff asserts that the costs requested for trial and hearing transcripts should be denied. See ECF No. 405 at 11-12. The County requested costs for transcripts for two days of trial, the hearings on the parties' multiple motions for summary judgment, and the state court transcripts while this case was stayed pending the state court's determination of certain issues. See ECF Nos. 396-4, 396-5, 396-7, 396-9, 396-18. The County argues that these transcripts were necessarily obtained in preparation for trial because they contained the arguments of counsel and court rulings regarding claims that the County believed would proceed to trial. See ECF No. 423 at 4. Because the requested transcripts were for

8

hearings on dispositive motions and limited trial days, the Court finds that these transcripts were necessarily obtained for use in the case and are taxable.

### C. Copying

Section 1920(4) allows for taxation of costs for "making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Local Rule 54.1(f)(4) requires that the party requesting copying costs submit an affidavit describing the documents copied, the number of pages, the cost per page, and the use of the documents copied. See LR54.1(f)(4). With its Bill of Costs, the County submitted the declaration of a legal secretary regarding the copy costs requested and attached a list detailing the documents copied, the number of pages, and the cost. See ECF No. 396-27. The declaration states that the copies were used for required courtesy copies to the Court and required copies of trial exhibits. See id. Accordingly, the Court finds that the copies were necessarily obtained for use in this case and are taxable.

### D. Witness Fees

Section 1920(3) allows for taxation of costs for fees for witnesses. See 28 U.S.C. § 1920(3). Local Rule 54.1(f)(3) provides that "[p]er diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." See LR54.1(f)(3). Section 1821 allows for daily witness fees, actual expenses of travel on a common

carrier at a reasonably available economical rate, and lodging and meal costs to an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services for official travel by federal government employees.  See 28 U.S.C. § 1821(b), (c)(1), and (d)(1)-(2).

The County requested $1,833.41 in costs related to witnesses for daily attendance, mileage, air fare, hotel, transportation, and meals.  See ECF No. 396-1 at 4; ECF No. 396-28.  In its Motion, Plaintiff states that the receipts submitted by the County to support these costs "do not appear to have to do with the fees permitted by the statute."  See ECF No. 405 at 14.

The Court finds that Plaintiff's argument is without merit.  Plaintiff presents no evidence that the common carrier airfare costs requested are unreasonable.  See ECF No. 396-28 at 4-7, 11-12, 16-20, 22-23 (reflecting fare between $132.75 and $248.01 for flights from Maui to Oahu).  The County provided receipts for all additional transportation expenses including rental cars, parking, and taxis.  See id. at 8-9, 13-15, 20, 26-37.  The permissible per diem meal rate for Honolulu, Hawaii in August 2019 was $119.  See 28 U.S.C. § 1821(d)(2); https://www.defensetravel. dod.mil/pdcgi/pd-rates/opdrates5.cgi.  The costs requested for meals are well below that rate.  See id. at 10, 13-14, 21, 38-41.  Accordingly, the Court finds that the costs are allowed under the applicable statute and are taxable.

### E.   Service of Process Fees

Section 1920(1) allows for taxation of costs for service of process fees.  See 28 U.S.C. § 1920(1).  Local Rule 54.1(f)(1) provides that costs for service of subpoenas are allowable "to the extent they are reasonably required and actually incurred."  LR54.1(f)(1).  Plaintiff argues that these costs should be denied because they were for discovery related subpoenas.  See ECF No. 405 at 14.  The Court rejects Plaintiff's argument because neither the statute nor the Local Rule limit these costs to only trial related subpoenas.  Accordingly, the Court finds that these costs are taxable.

### F.  Conclusion

The Court finds that the following costs are taxable:  $361.17 for service of subpoenas; $13,098.87[6] for transcripts; $1,833.41 for witnesses; and $1,165.50 for copying.  The total taxable costs are $16,458.95.

---

[6] It appears that the County's Bill of Costs contained a mathematical error.  The County listed on its Bill of Costs $14,261.84 for transcript costs; however, the itemization and invoices provided reflect $13,453.97 for transcript costs.  Compare ECF No. 396 with ECF No. 396-1.  Based on the discrepancy, the County likely double-counted the $807.87 costs for a records deposition in their calculation.  See ECF No. 396-1 at 3.  The Court uses the correct $13,453.97 total in its calculation and deducts from that amount $247.97 for Marilyn Niwao's deposition transcript and $107.13 for Scott English's deposition transcript, which equals $13,098.87.

11

### 3. The Court Declines to Stay the Taxation of Costs Pending Appeal

The Court has broad discretion to stay proceedings incident to the court's power to control its own docket. See Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In its Motion Plaintiff "suggests" that the issue of costs be stayed pending appeal but does not make any argument in support of its request. See ECF No. 405 at 4, 14.

In its Reply, Plaintiff raises for the first time the argument that paying the taxable costs will be a hardship. See ECF No. 426 at 9. The Court disregards Plaintiff's arguments regarding financial hardship raised without any support for the first time in reply. See LR7.2 ("Any argument raised for the first time in the reply shall be disregarded."). Accordingly, the Court finds that Plaintiff has failed to support its request for a stay of the taxation of costs pending appeal.

### CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiff Spirit of Aloha Temple's Motion for Review of Taxable Costs TAX costs against Plaintiff Spirit of Aloha Temple and Plaintiff Fredrick R. Honig in the amount of $16,458.95.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 6, 2019.



Wes Reber Porter
United States Magistrate Judge

**SPIRIT OF ALOHA TEMPLE, ET AL. v. COUNTY OF MAUI, ET AL.; CIVIL NO. 14-00535 SOM-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF SPIRIT OF ALOHA TEMPLE'S MOTION FOR REVIEW OF TAXABLE COSTS**