IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPIRIT OF ALOHA TEMPLE, ET AL., | ) CIVIL NO. 14-00535 SOM-WRP ) |
| Plaintiffs, | ) FINDINGS AND ) RECOMMENDATION TO DENY ) DEFENDANT THE COUNTY OF |
| vs. | ) MAUI'S MOTION FOR ) ATTORNEY'S FEES AND NON- |
| COUNTY OF MAUI, ET AL., | ) TAXABLE COSTS ) |
| Defendants. | ) ) |

FINDINGS AND RECOMMENDATION TO DENY
DEFENDANT THE COUNTY OF MAUI'S MOTION
FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS

Before the Court is Defendant County of Maui's (the County) Motion for Attorney's Fees and Non-Taxable Costs, filed on October 11, 2019 (Motion). See ECF No. 410. Plaintiffs filed their Opposition on October 26, 2019. See ECF No. 418. The County filed its Reply on November 8, 2019. See ECF No. 422. The Motion is suitable for disposition without a hearing pursuant to Rule 54.2(g) of the Local Rules of Practice of the United States District Court for the District of Hawaii (Local Rules). See LR54.2(g).

After careful consideration of the Motion, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the

Motion be DENIED.[1]

## BACKGROUND

Because the parties and the Court are familiar with the history of this case, the Court includes only those facts relevant to the present Motion.

Plaintiffs filed this action on December 5, 2014 alleging a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA) (Count I), nondiscrimination under RLUIPA (Count II)[2]; equal terms under RLUIPA (Count IV); unconstitutional prior restraint under Title 42, United States Code, Section 1983 (Section 1983) (Count V); violation of their free exercise of religion rights under Section 1983 (Count VI); violation of their equal protection rights under Section 1983 (Count VII); state constitutional claims for violations of free exercise of religion and equal protection (Counts VIII and IX); and an appeal from an agency action under Hawaii Revised Statutes Section 91-14 (Count X). See ECF No. 1. The court declined to exercise supplemental jurisdiction over Plaintiffs' claim related to their appeal of an agency decision in Count X and stayed the case

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

[2] As noted by the district court in its Order Denying Motions for Summary Judgment, the Complaint did not include a Count III. See ECF No. 200 at 1 n.1.

pending the state court's determination of the matters raised in Count X.  See ECF No. 109.

After the stay was lifted, the action proceeded against the County as to the remaining Counts.  See ECF No. 114.  Both parties moved for summary judgment on all claims.  See ECF Nos. 182, 184.  The court denied both motions for summary judgment on July 20, 2018.  See ECF 200.  The parties again moved for summary judgment in early 2019.  See ECF Nos. 214, 217, 218.  The district court granted partial summary judgment in favor of Defendant-Intervenor State of Hawaii and the County with respect to the prior restraint claim asserted in Count V and held that only factual challenges remained with respect to the remaining Counts on April 23, 2019.  See ECF No. 239.  The third round of summary judgment motions was heard on June 24, 2019.  See ECF Nos. 218, 229, 255.  The district court granted summary judgment on July 22, 2019 in favor of the County with respect to all claims except Count IV, which asserted an equal terms claim under RLUIPA.  See ECF No. 277.

On August 6, 2019, the parties proceeded to trial on Plaintiffs' remaining count: Count IV, equal terms under RLUIPA.  See ECF No. 343.  Plaintiffs abandoned their claim for damages on the eve of trial.[3]  The district court

---

[3] As set out below, even if the County had sufficient demonstrated that Plaintiffs' damages claim was frivolous, which it has not, the County has

denied the County's motion for a directed verdict at the close of Plaintiffs' case. See ECF Nos. 371, 374.  After a ten-day trial, the jury deliberated for two days and returned a verdict in favor of the County.  See ECF Nos. 375, 387.  The Clerk entered judgment in favor of the County on August 23, 2019.  See ECF No. 393.  The present Motion followed.

## DISCUSSION

The County argues that it is entitled to an award of fees and non-taxable costs against Plaintiffs under Title 42, United States Code, Section 1988(b) (Section 1988(b)) and is entitled to an award of fees and non-taxable costs against Plaintiffs' counsel under Title 28, United States Code, Section 1927.  See ECF No. 410.  The Court addresses each requested basis for relief below.

**I. Entitlement to Fees and Non-Taxable Costs Under 42 U.S.C. § 1988(b)**

Section 1988(b) authorizes the Court, in its discretion, to award reasonable attorney's fees to the prevailing party in cases brought under RLUIPA and Section 1983.  See 42 U.S.C. § 1988(b).  When applying the statute to a prevailing defendant, courts do not award fees routinely or simply because the defendant succeeded.  See Tutor–Saliba Corp. v. City of Hailey, 452 F.3d 1055,

---

failed to identify which, if any, portion of its attorney's fees it "expended solely because of the frivolous allegations."  See Fox v. Vice, 563 U.S. 826, 841 (2011).

1060 (9th Cir. 2006).  Attorney's fees are awarded to a prevailing defendant only "in exceptional circumstances."  Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963, 968 (9th Cir. 2011) (citations omitted).  A prevailing defendant must demonstrate that the "plaintiff's action was *frivolous, unreasonable, or without foundation*, even though not brought in subjective bad faith."  Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978) (emphasis added).  "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit."  Galen v. Cnty. of LA, 477 F.3d 652, 666 (9th Cir. 2007) (citing Christiansburg, 434 U.S. at 422).  In determining whether to award fees, courts should not "engage in post hoc reasoning, awarding fees simply because a plaintiff did not ultimately prevail."  Kohler v. Bed Bath & Beyond of Cal., LLC, 780 F.3d 1260, 1266 (9th Cir. 2015) (citations omitted); see also Christianburg, 434 U.S. at 421-22.

    Here, while Plaintiffs ultimately did not prevail, the Court finds Plaintiffs' claims were not frivolous, unreasonable, or without foundation.  As detailed above, many of Plaintiffs' claims against the County survived several rounds of motions for summary judgment.  See ECF Nos. 200, 239.  In denying the parties' initial motions for summary judgment, the district court held that factual issues precluded judgment and that the parties had failed to demonstrate that they were entitled to judgment as a matter of law.  See ECF No. 200 at 33-39, 41-44.

The district court later granted summary judgment in favor of Defendants with respect to the prior restraint claim asserted in Count V but held that factual challenges remained as to the other Counts.  See ECF No. 239.  Although the district court ultimately granted summary judgment in favor of the County on all but one of Plaintiffs' claims, the court did not find that any of Plaintiffs' claims were frivolous.  See ECF No. 277.  Plaintiffs' remaining claim against the County proceeded to a ten-day trial and the County's motion for a directed verdict at the close of Plaintiffs' presentation of evidence was denied by the district court.  See ECF No. 374.

These facts do not demonstrate the "exceptional circumstances" required to award attorney's fees against Plaintiffs under Section 1988(b).  See Saman, 173 F.3d at 1157.  Despite the County's arguments to the contrary, the Court cannot "engage in post hoc reasoning" to determine that Plaintiffs' claims were frivolous or without foundation.  See Kohler, 780 F.3d at 1266.  Accordingly, the Court RECOMMENDS that the district court DENY the County's request for an award attorneys' fees against Plaintiffs pursuant to Section 1988(b).

**II.  Entitlement to Fees and Non-Taxable Costs Under 28 U.S.C. § 1927**

An attorney admitted to practice in federal court "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the

court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  To impose sanctions under Section 1927, the Court must find "that the attorney recklessly or intentionally misled the court" or "that the attorneys recklessly raised a frivolous argument which resulted in the multiplication of the proceedings." Girardi v. Dow Chem. Co., 611 F.3d 1027, 1061 (9th Cir. 2010) (citations omitted).

For the same reasons detailed above, the Court finds that Plaintiffs' counsel's conduct in pursuing this action was not unreasonable, in bad faith, or reckless.  County argues that sanctions are appropriate because Plaintiffs' counsel misstated evidence to the jury during closing arguments.  Yet, the district court held a status conference on this issue and, ultimately, did not impose sanctions against Plaintiffs' counsel or make a finding that Plaintiffs' counsel's conduct was reckless or amounted to bad faith.  See ECF No. 387.  Accordingly, based on the record before the Court, the Court RECOMMENDS that the district court DENY the County's request for an award attorneys' fees as sanctions against Plaintiffs' counsel under Section 1927.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court DENY the Defendant County of Maui's Motion for Attorney's Fees and Non-

Taxable Costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 13, 2019.



_____

Wes Reber Porter
United States Magistrate Judge

**SPIRIT OF ALOHA TEMPLE, ET AL. v. COUNTY OF MAUI, ET AL.; CIVIL NO. 14-00535 SOM-WRP; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT COUNTY OF MAUI'S MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS**