IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPIRIT OF ALOHA TEMPLE AND FREDRICK R. HONIG,<br><br>      Plaintiffs,<br><br>  vs.<br><br>COUNTY OF MAUI,<br><br>      Defendant, | CIVIL NO. 14-00535 SOM/WRP<br><br>ORDER ADOPTING (1) FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF SPIRIT OF ALOHA TEMPLE'S MOTION FOR REVIEW OF TAXABLE COSTS AND (2) FINDINGS AND RECOMMENDATION TO DENY DEFENDANT THE COUNTY OF MAUI'S MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS |

**ORDER ADOPTING (1) FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF SPIRIT OF ALOHA TEMPLE'S MOTION FOR REVIEW OF TAXABLE COSTS AND (2) FINDINGS AND RECOMMENDATION TO DENY DEFENDANT THE COUNTY OF MAUI'S MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS**

**I.      INTRODUCTION.**

Before the court are objections to (1) Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Spirit of Aloha Temple's Motion for Review of Taxable Costs, ECF No. 428, and (2) Findings and Recommendation to Deny Defendant the County of Maui's Motion for Attorney's Fees and Non-taxable Costs, ECF No. 429 ("F&Rs"). After reviewing *de novo* the matters objected to, and after examining the entire record for clear error, the court adopts the F&Rs.

**II.     BACKGROUND.**

Plaintiffs Spirit of Aloha Temple and Fredrick R. Honig sued Defendant County of Maui for having allegedly discriminated against them on the basis of religion by failing to grant them a

permit they said nonreligious assemblies or institutions had received. After numerous motions, the matter went to trial before a jury with respect to Count IV, which asserted that the County had deprived Spirit of Aloha Temple of the right to freely exercise its religion. Count IV specifically asserted that the County had imposed or implemented "a land use regulation in a manner that treat[ed] a religious assembly or institution on less than equal terms with a nonreligious assembly or institution," in violation of 42 U.S.C. § 2000cc(b)(1). On July 26, 2019, just days before trial began on August 6, 2019, Plaintiffs abandoned their money damage claim for relief asserted in Count IV. *See* ECF No. 288, PageID # 5939 ("Plaintiffs waive their claims for damages."). They sought only to stop the alleged discrimination.

On August 23, 2019, the jury returned a verdict in favor of the County of Maui, finding that Spirit of Aloha Temple had not been treated less favorably than similarly situated nonreligious assemblies or institutions. *See* ECF No. 392. Judgment was entered the same day. *See* ECF No. 393.

On August 26, 2019, this court amended its local rules, effective September 1, 2019. The newly adopted local rules state, "The Local Rules govern all actions and proceedings in the Court pending on or commenced after September 1, 2019. When justice so requires, a judge may order that an action or

2

proceeding pending before the court prior to that date be governed by the prior rules or practice of the court."

On September 6, 2019, the County of Maui filed a Bill of Costs and a Motion for Attorney's Fees. *See* ECF Nos. 396 and 397.

On September 9, 2019, this court issued a minute order, warning the County that the fees motion appeared to violate the new local rules. The court allowed the County to withdraw its fees motion and to refile it so long as it complied with the applicable time limits. *See* ECF No. 398. The County may have concluded that it had complied with the new local rules with respect to the Bill of Costs, as the court's minute order was silent on the Bill of Costs.

On September 25, 2019, the Clerk of Court taxed costs in favor of the County in the amount of $17,755.72. *See* ECF No. 404.

On October 1, 2019, Plaintiffs filed a Motion to Review Taxation of Costs. *See* ECF No. 405.

On October 11, 2019, the County of Maui filed another Motion for Attorney's Fees. *See* ECF No. 410.

On December 6, 2019, the Magistrate Judge issued his Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Spirit of Aloha Temple's Motion for Review of Taxable Costs. *See* ECF No. 428.

On December 13, 2019, the Magistrate Judge issued his Findings and Recommendation to Deny Defendant the County of Maui's Motion for Attorney's Fees and Non-taxable Costs. *See* ECF No. 429.

**III.    STANDARD.**

A district judge reviews *de novo* those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.1; *Kealoha v. Totto*, 2017 WL 1839280, *2 (D. Haw. May 8, 2017); *Paco v. Meyers*, 2013 WL 6843057, *1 (D. Haw. Dec. 26, 2013). In other words, a district judge "review[s] the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirectTV, Inc.*, 457 F.3d 1001, 1005 (9th Cir. 2006).

The district judge may accept those portions of the findings and recommendation that are not objected to if the district judge is satisfied that there is no clear error on the face of the record. *United States v. Bright*, 2009 WL 5064355, *3 (D. Haw. Dec. 23, 2009); *Stow v. Murashige*, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district judge may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). While the district judge

must arrive at independent conclusions about those portions of the magistrate judge's report to which objections are made, a *de novo* hearing is not required. *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *Kealoha*, 2017 WL 1839280, *2.

**IV.     ANALYSIS.**

This judge adopts the thorough and well-reasoned F&Rs as this judge's own orders.

**A.     Bill of Costs.**

On December 6, 2019, the Magistrate Judge issued his Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Spirit of Aloha Temple's Motion for Review of Taxable Costs, recommending that the court tax costs of $16,458.95. *See* ECF No. 428. Spirit of Aloha Temple objected to parts of this F&R.

**1.     The County of Maui Did Not Waive Costs.**

Citing Local Rule 54.1(a) (effective Sept. 1, 2019), Spirit of Aloha Temple argues that the County of Maui failed to comply with Local Rule 54.1 (governing Bills of Costs) and that the alleged noncompliance should "be deemed a waiver of costs." The local rule in issue became effective in the days between when Judgment was entered on August 23, 2019, and the Bill of Costs were submitted on September 6, 2019. This court declines to deem any noncompliance a waiver, especially given the court's silence with respect to the Bill of Costs when the court warned the

County about noncompliance with respect to the attorney's fees motion.

Spirit of Aloha Temple argues that the County waived costs because the Bill of Costs did not set forth the grounds and authorities supporting the request, merely stating, "The costs requested are allowed under 28 U.S.C. §§ 1920-1925 and Local Rule 54.2(f) of the United States District Court for the District of Hawaii.  In accordance with the Federal and Local Rules, County Defendant, as the prevailing party, respectfully requests this Court to grant the attached bill of costs."  ECF No. 396-2, PageID # 7337.  The Magistrate Judge correctly noted, "While the memorandum and affidavit should reflect more work in advance and offer more substance, the County's Bill of Costs and supporting invoices, vouchers and other documents are very detailed and provide ample information about the costs to be taxed."  ECF No. 428, PageID # 8714.

For example, the Itemization of Bill of Costs, ECF No. 396-1, provides a detailed explanation of the date of the cost, the payee, a description, and the amount paid.  It also references an exhibit with a corresponding receipt.  It is not difficult to determine whether any such costs are taxable pursuant to 28 U.S.C. §§ 1920-1925.  This detail makes this case distinguishable from *Rodriguez v. General Dynamics Armament & Technical Products, Inc.*, 775 F. Supp. 2d 1217, 1219 (D. Haw.

2011), in which this court declined to tax costs when no memorandum and only a brief affidavit supporting a bill of costs was submitted. Accordingly, this court agrees with the F&R that, under the circumstances, no waiver occurred here.

Plaintiffs next argue that the County waived taxable costs by failing to conduct a proper meet-and-confer. Again, this court is unpersuaded. Any prejudice arising from an insufficient meet-and-confer has been cured by the meet-and-confer that occurred after the F&R on costs was filed. *See* ECF No. 452. Additionally, there is no requirement that an opposing party receive the entire bill of costs prior to a meet-and-confer. The requirement that parties meet and confer before filing a document is supposed to streamline or avoid the filing of the documents if parties can agree about certain issues. Expenses can be avoided if parties communicate about issues and determine what is in controversy before any party drafts a document.

**2. Deposition Costs.**

Taxable costs include fees for "transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Local Rule 54.1(f)(2) explains, "A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery."

7

Plaintiffs unconvincingly object to costs being taxed for the depositions of John Rapacz, Will Spence, and Wayne Hedani. As the Magistrate Judge noted, each of these individuals was named as a witness on Plaintiffs' witness list. *See* ECF No. 263. While Plaintiffs correctly note that Plaintiffs identified these individuals as witnesses right before trial, their potential roles at trial were not unexpected, and the County reasonably expected the depositions to be used for trial preparation at the time they were conducted. *See* Local Rule 54.1(f)(2).

John Rapacz was the director of the Maui County Zoning Administration and Enforcement Division, William Spece was the Director of the Maui Planning Department, and Wayne Hedani was a former member of the Maui Planning Commission. *See* ECF No. 263, PageID #s 5599-5600. Given Spirit of Aloha Temple's claim that it had suffered religious discrimination when it did not get a permit, it was reasonable to expect these individuals to play a role at trial. Plaintiffs themselves thought so, having noticed the deposition of Hedani in July 2017, *see* ECF No. 138, and of Rapacz in February 2018, *see* ECF No. 171-4. William Spence approved the Maui Planning Department's Report to the Maui Planning Commission regarding Plaintiffs' State Land Use Commission Special Use Permit application, *see* ECF No. 180-3, which was also reasonably expected to be at issue at trial.

While Rapacz, Spence, and Hedani were County employees, that does not necessarily mean that their depositions could not reasonably have been used by the County for trial preparation. Any party might want to review its own representatives' deposition testimony to prepare those representatives for trial.

Spirit of Aloha Temple next objects to the "duplicate" costs of stenographic and videotaped depositions of Plaintiff Fredrick Honig and his sister, Meenakshi Angel Honig, who were both important witnesses at trial. However, Local Rule 54.1(f)(2) provides, "The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable." Thus, both are taxable.

### 3. Trial Transcripts.

Costs may be taxed for "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Such costs include the partial trial transcripts requested by the County. *See* ECF No. 396-4.

### 4. Copying Costs.

Costs may be taxed for "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Comparing this case to *General Dynamics*, Plaintiffs argue that

copying costs should be disallowed.  But this case is very different from *General Dynamics*.  In that case, the court was presented with a bill of costs for copying more than 100,000 pages and a declaration that simply stated that the copying was for trial exhibits.  775 F. Supp. 2d at 1220.  In this case, the declaration supporting the request details the number of pages and describes each exhibit (and the number of copies submitted to the court).  *See* ECF No. 396-27.  The total of $1,165.50 for copies necessarily obtained for use in the case is reasonable under the circumstances.

Upon *de novo* review of the portions of the F&R Spirit of Aloha Temple objected to, the court adopts the Magistrate Judge's F&R and taxes costs in the amount of $16,458.95.

**B.  Attorney's Fees**.

On December 13, 2019, the Magistrate Judge issued his Findings and Recommendation to Deny Defendant the County of Maui's Motions for Attorney's Fees and Non-taxable Costs.  *See* ECF No. 429.  On December 27, 2019, the County objected to this F&R.

In its objection, the County argues that it is entitled to fees under 42 U.S.C. § 1988, which provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of

10

> 2000, title VI of the Civil Rights Act of
> 1964, or section 12361 of Title 34, the
> court, in its discretion, may allow the
> prevailing party, other than the United
> States, a reasonable attorney's fee as part
> of the costs, except that in any action
> brought against a judicial officer for an act
> or omission taken in such officer's judicial
> capacity such officer shall not be held
> liable for any costs, including attorney's
> fees, unless such action was clearly in
> excess of such officer's jurisdiction.

The Ninth Circuit has explained that "A defendant may recover § 1988 attorney fees only if 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)). That is, courts are allowed to award fees to prevailing defendants only "in exceptional circumstances," and even then, only for fees attributable exclusively to a plaintiff's frivolous claims. *Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011).

Reviewing the matter *de novo*, this court cannot say that any of Plaintiffs' claims were frivolous, unreasonable, or without foundation. Plaintiffs' claims went through several rounds of summary judgment motions. Ultimately, only a single claim was tried and this court determined that sufficient evidence supported it to send the claim to the jury. The court therefore adopts the Magistrate Judge's F&R and denies the County's motion for fees.

**V. CONCLUSION.**

After reviewing *de novo* the portions of the F&Rs objected to, and after reviewing the remainder of the F&Rs for clear error, the court adopts the F&Rs regarding the County's Bill of Costs and motion for attorney's fees. Costs of $16,458.95 are taxed against Spirit of Aloha Temple. The County's motion for fees is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 11, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Spirit of Aloha Temple, et al. v. County of Maui*, Civil No. 14-00535 SOM/WRP; ORDER ADOPTING (1) FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF SPIRIT OF ALOHA TEMPLE'S MOTION FOR REVIEW OF TAXABLE COSTS AND (2) FINDINGS AND RECOMMENDATION TO DENY DEFENDANT THE COUNTY OF MAUI'S MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS