```
            IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF HAWAII

SPIRIT OF ALOHA TEMPLE AND   )   CIVIL NO. 14-00535 SOM/RLP
FREDRICK R. HONIG,           )
                             )   ORDER REGARDING SUPPLEMENTAL
         Plaintiffs,         )   BRIEFING
                             )
    vs.                      )
                             )
COUNTY OF MAUI,              )
                             )
         Defendant.          )
_____)
```

**ORDER REGARDING SUPPLEMENTAL BRIEFING**

Defendant County of Maui seeks summary judgment with respect to all remaining claims, arguing that even if the land use regulations infringed on Plaintiffs' religious rights, the denial of the requested Special Use Permit satisfies a strict scrutiny analysis.  That is, Defendant argues that the denial of the requested Special Use Permit was the least restrictive means of furthering a compelling governmental interest.  *See*, *e.g.*, ECF No. 514-1, PageID # 13056.  Plaintiffs, on the other hand, seek summary judgment in their favor with respect to Counts I, VI, and VIII, arguing that the complete denial of the requested Special Use Permit was not the least restrictive means of furthering a compelling governmental interest.  *See* ECF No. 511-1, PageID # 12301.  In other words, both parties agree that this court must examine whether the denial of the requested permit was the least restrictive means of furthering a compelling governmental

interest.  This raises several questions that the court asks the parties to submit supplemental briefing on.

First, when the the Maui Planning Commission denied the requested Special Use Permit, ECF No. 511-3, PageID #s 12443-60, did it limit its compelling use analysis to road safety caused by increased vehicular traffic?  That is, while a commission member had earlier noted concerns with respect to potable water and wastewater facilities, *see id.*, PageID # 12449, did the commission limit its denial to concerns with respect to the use of Haumana Road?  If so, should this court's examination of whether there was a compelling governmental interest also be limited to the safety of Haumana Road caused by any increase in traffic?  In other words, the parties should identify the exact compelling interest that the court should be examining here.

Second, assuming for purposes of discussion that road safety relating to increased traffic on Haumana Road could be said to be a compelling interest, what does it mean to require the least restrictive means of furthering that interest?  How much must the interest be "furthered"?  While a complete prohibition on using the road would ensure road safety, why wouldn't "furthering" a governmental interest include measures limiting traffic in this case?  *See* Russell W. Galloway, Jr., *Basic Substantive Due Process Analysis*, 26 U.S.F. L. Rev. 625,

2

640-41 (1992) (suggesting that a restriction be a substantially effective means for advancing a governmental interest).

Third, why wouldn't limitations on the number of events, number of attendees, time of events, and imposition of shuttles sufficiently address road safety relating to increased vehicular traffic?  Was the County of Maui's outright denial of the requested Special Use Permit the least restrictive means of furthering what it says was its compelling interest?  *See Westchester Day Sch. v. Vill. of Mamaroneck*, 417 F. Supp. 2d 477, 551 (S.D.N.Y. 2006), *aff'd*, 504 F.3d 338 (2d Cir. 2007) ("Assuming, without determining, that traffic constitutes a compelling interest in this instance . . . , the Court finds, based on the evidence in the record, that defendants' outright denial of the special permit was not the least restrictive means of addressing that interest because measures existed to mitigate any potential increase in traffic caused by the Project." (citation omitted)).

The parties should consider trial testimony by William Spence, the County of Maui's planning director.  *See* ECF Nos. 438, 439.  Spence testified about the conditions that the Maui Planning Department was recommending with respect to the requested Special Use Permit.  For example, the Maui Planning Department recommended in Condition # 7 that classes be limited to 24 attendees, with no more than four classes per week between

3

10 a.m. and 4 p.m.  Similarly, church services were to be limited to 24 attendees once per week between 10 a.m. and 2 p.m.  Events such as weddings were to be limited to 40 attendees and 48 events per year, with no more than four events in any month.  Shuttles were to be used when events had 25 or more people.  *See* ECF No. 511-3, PageID # 12438.  Spence testified that these conditions would limit the activity on the property, which would, in turn, limit the vehicles on Haumana Road and therefore reduce traffic conflicts on the single-lane Haumana Road.  ECF No. 439, PageID #s 10105-07, 10112.  At trial, Honig testified that Plaintiffs had agreed to Condition # 7.  *See* ECF No. 435, PageID #s 9290-93.

Randall Okaneku, a licensed civil engineer with a concentration in traffic engineering, also testified at trial.  *See* ECF No. 436, PageID #s 137-38.  The court qualified Okaneku as an expert in the field of traffic engineering, including traffic safety.  Id., PageID # 9609.  Okaneku testified about the Maui Planning Department's recommendation to the Maui Planning Commission.  *See id.*, PageID #s 9703-09.  Like Spence, he opined that the Maui Planning Department's "mitigation measures would minimize the amount of traffic increase on Haumana Road" caused by granting Plaintiffs the requested Special Use Permit, and that these conditions were reasonable.  ECF No. 437, PageID #s 9706, 9708.  In addition to the conditions, Okaneku testified that he would also recommend the installation of pullouts so that a

4

vehicle could pull over to let another vehicle driving in the opposite direction pass, as well as appropriate signs saying that cars should yield to oncoming traffic.  *Id.*, PageID # 9709.  That is, in terms of vehicle conflicts on the single-lane Haumana road, Okaneku opined that those conflicts could be mitigated by imposing conditions that would lessen traffic on the road.

Fourth, given this trial testimony, can this court decide as a matter of law whether the Maui Planning Commission, in denying the permit, failed to adopt the least restrictive means of furthering what the County identified as a compelling governmental interest?  If not, what fact(s) must be tried to determine whether strict scrutiny is satisfied?

No later than July 17, 2023, the court asks each party to submit a single supplemental brief of no more than 2,500 words limited to the issues discussed in this order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 30, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Spirit of Aloha Temple, et al. v. County of Maui*, Civ. No. 14-00535 SOM/RLP; ORDER REGARDING SUPPLEMENTAL BRIEFING

5