IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SPIRIT OF ALOHA TEMPLE AND FREDRICK R. HONIG, | ) ) ) | CIVIL NO. 14-00535 SOM/RLP |
| Plaintiffs, | ) ) | ORDER DENYING DEFENDANT COUNTY OF MAUI'S MOTION FOR RECONSIDERATION OF THIS |
| vs. | ) ) | COURT'S GRANT OF PARTIAL SUMMARY JUDGMENT IN FAVOR OF |
| COUNTY OF MAUI, | ) ) | PLAINTIFFS ON THE ISSUE OF WHETHER THE COUNTY OF MAUI'S |
| Defendant. | ) ) ) | DENIAL OF THE SPECIAL USE PERMIT SATISFIED STRICT SCRUTINY WITH RESPECT TO COUNTS I, VI, AND VIII |

**ORDER DENYING DEFENDANT COUNTY OF MAUI'S MOTION FOR
RECONSIDERATION OF THIS COURT'S GRANT OF PARTIAL SUMMARY JUDGMENT
IN FAVOR OF PLAINTIFFS ON THE ISSUE OF WHETHER THE COUNTY OF
MAUI'S DENIAL OF THE SPECIAL USE PERMIT SATISFIED
STRICT SCRUTINY WITH RESPECT TO COUNTS I, VI, AND VIII**

I.      INTRODUCTION

On August 11, 2023, this court granted partial summary judgment in favor of Plaintiffs, determining that the County's actions did not satisfy strict scrutiny in the context of Counts I, VI, and VIII.  *See* ECF No. 540.  On August 25, 2023, the County of Maui filed a motion for reconsideration of that part of the order, arguing that partial summary judgment should have been granted in favor of the County on those counts based of the advisory jury verdict issued in a previous trial.  *See* ECF Nos. 563, 392.  This court disagrees and denies the motion for reconsideration.

II.        **RECONSIDERATION STANDARD**.

A successful motion for reconsideration must demonstrate why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reconsider its ruling.  *See Barnes v. Sea Haw. Rafting*, *LLC*, 2020 WL 4722377, at *4 (D. Haw. Aug. 13, 2020); *Matubang v. City & Cty. of Honolulu*, 2010 WL 2176108, *2 (D. Haw. May 27, 2010).  Three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178–79 (9th Cir. 1998).

III.       **ANALYSIS**.

The advisory jury from the trial held earlier in this case had been instructed that

> the words "religious," "assembly," and "institution" should be given their ordinary or natural meanings.
>
> A "religion" is a system of faith and worship that often involves, but need not involve, a belief in a supreme being and a moral or ethical code.
>
> An "assembly" is a company of persons collected together in one place for some common purpose, or a group of persons organized and united for some common purpose.

An "institution" is an established
society, organization, or corporation.

ECF No. 427, PageID # 8702.

In relevant part, the advisory jury determined that
Plaintiffs had failed to prove by a preponderance of the evidence
that Spirit of Aloha Temple was a "religious assembly or
institution" in connection with a RLUIPA equal terms claim:

1) Has Plaintiff Spirit of Aloha Temple
proved by a preponderance of the evidence
that Spirit of Aloha Temple is a religious
assembly or institution?



_____    _____
Yes                No

*See* Verdict Form, ECF No. 392, PageID # 7139.

Based on this finding, the County argues that this
court erred in granting partial summary judgment in favor of
Plaintiffs with respect to Counts I, VI, and VIII on the strict
scrutiny prongs of those claims.  The County posits that the
advisory jury's verdict is determinative of those claims because
the advisory jury did not find that Spirit of Aloha Temple was a
"religious assembly or institution."  This court disagrees, as
the advisory jury did not determine whether Spirit of Aloha
Temple was discriminated against *based on religion*, only that
Plaintiffs had not proven that Spirit of Aloha Temple was a
"religious assembly or institution."  These are separate issues.
The advisory jury examined only whether Spirit of Aloha Temple

3

was a "religious assembly or institution" that had been treated
by the County on less than equal terms compared to a
"nonreligious assembly of institution."  It did not examine
whether the County discriminated against Spirit of Aloha Temple
by substantially burdening its exercise of religious rights.

### A.    Count I (RLUIPA Substantial Burden Claim).

With respect to Count I (RLUIPA substantial burden
claim), 42 U.S.C. § 2000cc(a) prohibits a government from
imposing or implementing a land use regulation that is a
"substantial burden on the religious exercise of a person,
including a religious assembly or institution," unless a strict
scrutiny test is satisfied.  This court noted:

> RLUIPA substantial burden claims proceed in
> two sequential steps:
>
>> First, the plaintiff must
>> demonstrate that a government
>> action has imposed a substantial
>> burden on the plaintiff's religious
>> exercise.  Second, once the
>> plaintiff has shown a substantial
>> burden, the government must show
>> that its action was "the least
>> restrictive means" of "further[ing]
>> a compelling governmental
>> interest."
>
> *Int'l Church of Foursquare Gospel v. City of
> San Leandro*, 673 F.3d 1059, 1066 (9th Cir.
> 2011); *see also New Harvest Christian
> Fellowship v. City of Salinas*, 29 F.4th 596,
> 601 (9th Cir. 2022) (stating that only when a
> plaintiff proves that the denial of an
> application imposed a substantial burden on
> its religious exercise does the burden shift
> to the government to show that its denial was

4

> narrowly tailored to accomplish a compelling
> governmental interest); 42 U.S.C.
> § 2000cc-2(b) ("If a plaintiff produces prima
> facie evidence to support a claim alleging a
> . . . a violation of section 2000cc of this
> title, the government shall bear the burden
> of persuasion on any element of the claim,
> except that the plaintiff shall bear the
> burden of persuasion on whether the law
> (including a regulation) or government
> practice that is challenged by the claim
> substantially burdens the plaintiff's
> exercise of religion.").

ECF No. 540, PageID #s 15089-90.

In Footnote 4 of its order, this court stated: "The advisory verdict that determined that Spirit of Aloha Temple had failed to prove that it was a 'religious assembly or institution' does not preclude Plaintiffs from maintaining their RLUIPA substantial burden claim, as RLUIPA prohibits 'a substantial burden on the religious exercise of a person, including a religious assembly or institution.'" *Id.*, PageID # 15090.  The County argues that this statement is incorrect.  It argues that the Special Use Permit Application sought to use the agriculturally zoned land for "CHURCH ACTIVITIES," including "conduct[ing] church services and related activities" such as a "weekly Sunday service" and "[w]edding ceremonies."  ECF No. 183-6, PageID #s 2803-04.  The County's position is that Plaintiffs failed to prove by a preponderance of the evidence that Spirit of Aloha Temple was a "church," and that no religious burden was imposed when the County denied the Special Use Permit for "CHURCH

5

ACTIVITIES."  But the advisory jury's determination that Spirit of Aloha Temple had not proven by a preponderance of the evidence that it was a "church" does not necessarily mean that Spirit of Aloha Temple was not exercising religious rights or that the County did not discriminate against it based on that exercise.

In simplified terms, Spirit of Aloha Temple was seeking permission to use the Haumana Road property as a church.  The County's denial of that use could have been a burden on Spirit of Aloha Temple's exercise of religious rights because it was not allowed to use the property as a location for its church.  Even if the advisory jury found that Spirit of Aloha Temple had not proven by a preponderance of the evidence that it was, in fact, a church, such a finding would have no bearing on whether the County prevented Spirit of Aloha Temple from becoming a church or on whether the County discriminated against Plaintiffs based on their exercise of religion.  Those issues were not before the advisory jury, which did not determine whether Spirit of Aloha Temple was exercising religious rights.

The court is unpersuaded by the County's argument that Spirit of Aloha Temple and Honig could not have been exercising religious rights because they are only claiming that they were doing so through participation in assemblies that the advisory jury determined were not religious.  The advisory jury was not asked to determine whether Spirit of Aloha Temple or Honig were

prevented from exercising religious rights.  It only determined that Plaintiffs had failed to proved that "Spirit of Aloha Temple is a religious assembly or institution."  ECF No. 392, PageID # 7139.

Moreover, as this court noted in its order, the RLUIPA substantial burden claim examines whether any *person*, including an assembly or institution, was substantially burdened in its exercise of religion, not whether a "religious assembly or institution" was subjected to such a burden.  Thus, the plain language of a RLUIPA substantial burden claim does not require Spirit of Aloha Temple to have been a church.  The advisory jury's determination that Spirit of Aloha Temple was not a "religious assembly or institution" does not necessarily mean that Spirit of Aloha Temple could not have been exercising religious rights.  One need not be a "church" to exercise religion.  For example, even a for-profit business might sometimes exercise religious rights.  *See Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 719 (2014) (recognizing that a for-profit closely held corporation may assert claims under the Religious Freedom Restoration Act of 1993).

Because the County fails to establish that Frederick Honig or Spirit of Aloha Temple were not subjected to a substantial burden on their exercise of religion, its motion for

7

reconsideration with respect to the RLUIPA claim in Count I is unpersuasive.

> **B.    Count VI (Free Exercise of Religion Claim) and Count VIII (Free Exercise of Religion Claim Under the Hawaii Constitution).**

Counts VI and VIII assert that the County of Maui deprived and is depriving Plaintiffs of their First Amendment right to freely exercise their religion, actionable under 42 U.S.C. § 1983 and the Hawaii constitution.

The County argues that, because the advisory jury determined that Plaintiffs had failed to prove by a preponderance of the evidence that Spirit of Aloha Temple was a "religious assembly or institution," the County could not have prohibited Plaintiffs' free exercise of religion.  The reasons set forth above with respect to Count I apply also to Counts VI and VIII. The County's reconsideration motion is denied with respect to Counts VI and VIII.

**IV.    CONCLUSION.**

The court denies the County's motion for reconsideration.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 6, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Spirit of Aloha Temple, et al. v. County of Maui*, Civ. No. 14-00535 SOM/RLP;
ORDER DENYING DEFENDANT COUNTY OF MAUI'S MOTION FOR RECONSIDERATION OF THIS
COURT'S GRANT OF PARTIAL SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS ON THE ISSUE
OF WHETHER THE COUNTY OF MAUI'S DENIAL OF THE SPECIAL USE PERMIT SATISFIED
STRICT SCRUTINY WITH RESPECT TO COUNTS I, VI, AND VIII