IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| SPIRIT OF ALOHA TEMPLE AND FREDRICK R. HONIG, | ) CIVIL NO. 14-00535 SOM-WRP |
|---|---|
| Plaintiffs, | ) FINDINGS AND ) RECOMMENDATION TO GRANT ) IN PART AND DENY IN PART |
| vs. | ) DEFENDANT COUNTY OF ) MAUI'S BILL OF COSTS |
| COUNTY OF MAUI, | ) |
| Defendant. | ) |

<u>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT COUNTY OF MAUI'S BILL OF COSTS</u>

Before the Court is Defendant County of Maui's (Defendant) Bill of Costs, filed on November 20, 2023. <u>See</u> ECF No. 657, Bill of Costs. On November 27, 2023, Plaintiffs Spirit of Aloha Temple and Fredrick R. Honig (Plaintiffs) filed their Opposition memorandum. <u>See</u> ECF No. 665, Opp. On December 12, 2023, Defendant filed its Reply memorandum. <u>See</u> ECF No. 670, Reply. The Court finds the Bill of Costs suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii (Local Rules).

After careful consideration of the Bill of Costs, the record in this action, and relevant legal authority, the Court FINDS AND RECOMMENDS that

the Bill of Costs be GRANTED IN PART AND DENIED IN PART.[1]

## BACKGROUND

The factual background of this case is set forth in the Ninth Circuit's Opinion of September 22, 2022. See ECF No. 461, Ninth Circuit Opinion. That background is incorporated by reference and this Findings and Recommendation includes only those facts relevant to the present Bill of Costs.

After numerous dispositive motions, this case proceeded to trial in 2019, which resulted in judgment in favor of Defendant. See ECF No. 393. The Court thereafter taxed costs against Plaintiffs in the amount of $16,458.95. See ECF Nos. 428, 453.

Plaintiffs appealed the Court's summary judgment rulings, and on September 22, 2022, the Ninth Circuit reversed in part. See ECF No. 540 at 6-7, August 11, 2023 Order on Motions for Summary Judgment (MSJ Order). Because the Ninth Circuit, among other things, reversed the dismissal of certain claims and remanded those claims to the district court, the Ninth Circuit also vacated and remanded the taxation of costs. See ECF No. 461 at 29, Ninth Circuit Opinion ("'Where a reviewing court reverses a district court's judgment for the prevailing

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

party,' even if it reverses only one claim and leaves a jury verdict intact on another claim, 'both the underlying judgment and the taxation of costs undertaken pursuant to that judgment are reversed.'" (citation omitted)).

After remand, the Court ruled on several motions for summary judgment, leaving Counts I, II, VI, VII, VIII and IX for trial. See ECF No. 540 at 59-60, MSJ Order; see also ECF No. 640, Verdict Form. Trial commenced on September 27, 2023. See ECF No. 615, Minute Order. The jury found in Defendant's favor on all Counts, see ECF No. 640, Verdict Form, and Judgment was entered on October 12, 2023. See ECF No. 641, Clerk's Judgment.

Defendant thereafter filed its Bill of Costs, seeking $4,778.68[2] in costs and asking the Court to reaffirm its previous taxation of costs in the amount of

---

[2] In its Bill of Costs, Defendant originally requested $13,188.07 in costs. See ECF No. 657 at 2, Bill of Costs. However, in its Reply memorandum, Defendant reduced the amount to $4,778.68 by withdrawing its requests for (1) costs relating to copies of trial transcripts (-$7,538.17) and (2) the amount Plaintiffs agree to pay for witness travel costs (-$871.22). See ECF No. 670 at 4, Reply (noting reductions to Defendant's Bill of Costs). Defendant's Reply also states it further deducts "$1,968.00 for copies of trial exhibits that were not admitted at trial," see id. at 5, but it does not appear that Defendant requested such costs in its Bill of Costs. See ECF No. 657, Bill of Costs. To the extent these reduced costs are part of the "additional or amended trial exhibits" in the amount of $299.81 in Exhibit 3(c), see id. at 7, the Court denies taxation of those costs as discussed below.

Further, the Court notes that Defendant's Bill of Costs mentions "$12,092.36 in costs and expenses for Maui County's counsel's and paralegal's attendance at trial," but Defendant says it "is not specifically requesting these costs." See id. at 8. Insofar as Defendant is not requesting taxation of these costs, the Court does not address them here.

3

$16,458.95.  See ECF No. 657 at 2, Bill of Costs.

## DISCUSSION

Federal Rules of Civil Procedure Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  "Thus, Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded."  See Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).  "The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, [the appellate court] will assume it acted based on that presumption."  See Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).  "To overcome this presumption, the losing party must 'establish a reason to deny costs.'"  See Seven Signatures Gen. Partnership v. Irongate Azrep BW LLC, 871 F. Supp. 2d 1040, 1047 (D. Haw. 2012) (quoting Dawson v. City of Seattle, 435 F.3d 1054, 1070 (9th Cir. 2006)).

While courts have discretion to award costs pursuant to Rule 54(d), "courts may tax only those costs defined in 28 U.S.C. § 1920."  See Yasui v. Maui Elec. Co., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (citations omitted).  Section 1920 enumerates costs taxable to a prevailing party:

4

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### A.   Prevailing Party

Plaintiffs do not contest that Defendant is the prevailing party in this action.

### B.   Deposition Transcripts

Section 1920(2) permits the taxation of fees for "transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Similarly, Local Rule 54.1(f)(2) also allows the taxation of costs for "[t]he cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case." Per Local Rule 54.1(f)(2), the deposition need not be used at trial or introduced in evidence so long as, at the time it was taken, "it could reasonably be expected that the deposition would be used for trial preparation,

rather than mere discovery."

Defendant requests $394.76 in costs for the "sealed transcript of the video-taped deposition of Plaintiff Fred Honig . . for cross-examination at trial." See ECF No. 657 at 5, Bill of Costs. Plaintiffs assert that these costs should be denied because "Defendant has not presented any evidence that it needed or used the transcripts for anything other than mere convenience or used them for formal court actions." See ECF No. 665 at 7, Opp. However, Defendant states that Honig's transcript "was used at trial on multiple occasions to impeach Plaintiff Fred R. Honig." See ECF No. 670 at 5, Reply; ECF No. 657 at 9 ¶ 2, Brian A. Bilberry Declaration (noting that Defendant used Honig's video-taped deposition "for cross-examination at trial"). Insofar as the deposition was used during trial, the Court finds that it was "necessarily obtained for use in the case" and finds that deposition costs in the amount of $394.76 are taxable. See 28 U.S.C. § 1920(2); LR 54.1(f)(2).

### C. Copying Costs

Section 1920(4) allows for taxation of costs for "making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Local Rule 54.1(f)(4) also allows for "[t]he cost of copies necessarily obtained for use in the case" where the party requesting copying costs submits "an affidavit describing the documents copied, the number of pages copied, the cost

per page, and the use of or intended purpose for the items copied." See LR 54.1(f)(4). This Court allows taxation of copies at $0.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. See id.

      Defendant requests to tax the following copying costs: $497.40 for copies of Defendant's trial exhibits that were admitted,[3] $944.90 for "copies of pleadings necessarily prepared on remand of this case," and $299.81 for "copies of documents, filings, and additional or amended trial exhibits that Maui County's counsel and paralegal were required to make during trial." See ECF No. 657 at 7, Bill of Costs; ECF No. 670 at 4, Reply. In response, Plaintiffs cite to Rodriguez v. Gen. Dynamics Armament & Tech. Prod., Inc., 775 F. Supp. 2d 1217, 1221 (D. Haw. 2011), which states that a declaration that "merely parrots the statutory language that the charges were reasonable and necessary, does not meaningfully support the request for" copy costs. See ECF No. 665 at 8-10, Opp.

      The Court finds that Defendant is entitled to $497.40 for copies of Defendant's trial exhibits that were admitted. See Rodriguez, 775 F. Supp. 2d

---

[3]     In Defendant's Reply, it says that the Bill of Costs is reduced by "$1,968.00 for copies of trial exhibits that were not admitted at trial." See ECF No. 670 at 5, Reply. However, Defendant only requested $497.40 in its Bill of Costs for admitted trial exhibits, see ECF No. 657 at 7, and in its Reply, Defendant continues to request only $497.40 for admitted trial exhibits. See ECF No. 670 at 7, Reply. To the extent these reduced costs are part of the "additional or amended trial exhibits" in the amount of $299.81, the Court denies taxation of those costs as discussed below.

at 1221 ("[C]ertainly the court's and Plaintiffs' copies of defense trial exhibits actually offered at trial were, at a minimum, necessary."). However, the Court finds that Defendant does not establish that its other copy costs were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); LR 54.1(f)(4). Defendant's declaration merely states that copies were "necessarily prepared on remand" and were required "for either production to the district court, Plaintiffs' counsel, and Maui County's counsel's use in trial." See ECF No. 657 at 10 ¶¶ 4, 7, Bilbery Declaration. This declaration does not meet the requirements of Local Rule 54.1(f)(4), which requires a description of "the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied." LR 54.1(f)(4). Moreover, Exhibit 3(c) includes only receipts for commercial copies but does not detail what documents were copied and this Court is therefore unable to determine whether the copies were necessarily obtained for this case. Accordingly, the Court finds that only copy costs for admitted trial exhibits in the amount of $497.40 are taxable. The Court also finds that $944.90 for "copies of pleadings necessarily prepared on remand of this case" and $299.81 for "copies of documents, filings, and additional or amended trial exhibits" are not taxable.

    **D.**  **Witness Fees**

    Defendant requests costs in the amount of $2,274.03 for witness fees

including costs for travel, accommodation and ground transportation.[4]  See ECF No. 670 at 4, Reply.

Section 1920(3) allows for the taxation of costs for witness fees.  See 28 U.S.C. § 1920(3) (permitting "fees and disbursements for . . . witnesses").  Local Rule 54.1(f)(3) provides that "[p]er diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821."  See LR 54.1(f)(3).  Section 1821 provides in part:

> (a) (1) Except as otherwise provided by law, **a witness in attendance at any court of the United States**, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, **shall be paid the fees and allowances provided by this section**.
>
> . . .
>
> (b) **A witness shall be paid an attendance fee of $40 per day for each day's attendance**.  A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> (c)(1) **A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance**

---

[4]  As noted above, in its Reply memorandum, Defendant reduced its costs for witness fees by $871.22 because Plaintiffs agree to pay that amount for witness fees.  See ECF No. 670 at 4, Reply (noting this reduction to Defendant's Bill of Costs); ECF No. 665 at 12, Opp. (Plaintiffs "agree to pay 1/2 of the airfare and the hotel costs for Mr. Spence and Mr. Hedani, which comes to a payment in the amount of $871.22").

> **necessarily traveled to and from such witness's residence** by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.
>
> (2) **A travel allowance equal to the mileage allowance** which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.
>
> . . .
>
> (d)(1) **A subsistence allowance shall be paid to a witness when an overnight stay is required** at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.
>
> (2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.
>
> . . .

28 U.S.C. § 1821 (emphases added).

Plaintiffs argue that Defendant's witness costs should be reduced because (1) Defendant's declaration in support of the Bill of Costs does not comply with Local Rule 54.1(c), (2) the Court excluded witness Marilyn Niwao's testimony, and (3) witnesses are limited to $40 per diem. See ECF No. 665 at 11-12, Opp.

Plaintiffs first argue that defense counsel's declaration does not comply with Local Rule 54.1 because "it does not reference the statute or the Local Rule . . . [n]or does it aver that the witnesses used 'a common carrier at the most economical rate reasonably available." See ECF No. 665 at 11, Opp. The Court notes, however, that Local Rule 54.1 does not require counsel's declaration to reference applicable law. Rather, the memorandum in support of Defendant's Bill of Costs includes the applicable statutes and rules governing witness fees. See ECF No. 657 at 3-5, Bill of Costs. Further, although 28 U.S.C. § 1821(c)(1) provides that witnesses traveling by common carrier "shall utilize a common carrier at the most economical rate reasonably available," it does not require that counsel's declaration include such statement.

Plaintiffs next contend that the airfare fees incurred by witness Marilyn Niwao should not be taxed because "the Court excluded her from testifying at trial." See ECF No. 665 at 11, Opp. As Defendant notes, however, Niwao testified on October 6, 2023, Day 8 of the Jury Trial. See ECF No. 670 at 6, Reply; ECF No. 638, Amended Minutes. It was not until October 9, 2023, that the Court sustained Plaintiffs' objection to testimony by Niwao. See ECF No. 635, Minute Order. Given that Niwao did testify at trial, the Court finds that Niwao's airfare in the amount of $178.59 is taxable. See ECF No. 657-2 at 1 (Defendant's table of witness fees).

Plaintiffs also argue that "the per diem for witnesses established under the statute is $40 per day," whereas Defendant seeks $337.50 for witnesses Will Spence for four days and $247.50 for Wayne Hedani for three days.  See ECF No. 665 at 11-12, Opp.; ECF No. 657-2 at 1 (Defendant's table of witness fees).

Section 1821 limits *witness attendance fees* to "$40 per day."  See 28 U.S.C. § 1821(b).  In addition to witness attendance fees, section 1821(d)(1) allows for "subsistence allowance . . . when an overnight stay is required."  See 28 U.S.C. § 1821(d)(1).  The subsistence allowance for a witness "shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government."  See 28 U.S.C. § 1821(d)(2).

The permissible per diem meal allowance for Honolulu, Hawaii in October 2023 was $126.  See 28 U.S.C. § 1821(d)(2); https://www.travel.dod.mil/Travel-Transportation-Rates/Per-Diem/Per-Diem-Rate-Lookup/.  Considering that Spence's costs ($337.50 for four days) and Hedani's costs ($247.50 for three days) are well under this per diem rate, the Court finds that $337.50 and $247.50 for Spence and Hedani's per diem meal allowances may be taxed.

Regarding the airfare, hotel, and ground transportation costs for

Spence and Hedani, Defendant says the parties entered into "a prior agreement between the parties to equally share the costs and expenses of Mr. Spence's and Mr. Hedani's travel, accommodation, and transportation." See ECF No. 657 at 12 ¶ 14, Bilbery Declaration.  In their Opposition, Plaintiffs agree to pay half of Spence and Hedani's airfare and hotel costs in the amount of $871.22.  See ECF No. 665 at 12, Opp.  Given that Plaintiffs agree to pay half of the airfare and hotel fees for Spence and Hedani, the Court recommends reducing the taxable costs by $871.22 to account for Defendant's agreement to pay the other half of these fees.

Under 28 U.S.C. § 1821(c)(1), Defendant may also recover ground transportation costs for Spence and Hedani.  Defendant requests that $870.34 be taxed for ground transportation for Spence and Hedani.  See ECF No. 657-2 (Defendant's table of witness fees).  However, per the prior agreement described by Defendant, the Court finds that Plaintiffs shall be taxed only half of the costs in the amount of $435.17 and that Defendant is responsible for the other half.  See ECF No. 657 at 12 ¶ 14, Bilbery Declaration.

Lastly, the Court notes that Plaintiffs do not dispute Defendant's mileage costs in the amount of $12.75 for Spence and $6.12 for Hedani.  See ECF No. 657-2 at 1 (Defendant's table of witness fees).  The Court finds these costs to be taxable under 28 U.S.C. § 1821(c)(2) and Local Rule 54.1(f)(3), which permit mileage allowances for witnesses.

In sum, the Court finds that the following witness fees are taxable: Niwao's airfare in the amount of $178.59; per diem for Spence and Hedani in the amounts of $337.50 and $247.50, respectively; $435.17, which represents half of the ground transportation costs for Spence and Hedani; and mileage in the amounts of $12.75 for Spence and $6.12 for Hedani. Therefore, the taxable witness fees total $1,217.63.

### E.  Shipping Costs

Defendant requests "shipping charges Maui County had to incur to transport 14 boxes of required trial exhibits for the district court's and Maui County's counsel's use at trial." See ECF No. 657 at 8 and Ex. 4, Bill of Costs. These shipping charges total $367.78. See id. Plaintiffs respond that "[s]hipping costs are not recoverable under L.R. 54.1(f)" and should therefore be denied. See ECF No. 665 at 8, Opp. (emphasis omitted).

"Section 1920 does not allow for shipping . . . costs." See U.S. Equal Emp. Opportunity Comm'n v. GNLV Corp., No. 06CV01225RCJPAL, 2010 WL 11538048, at *4 (D. Nev. May 24, 2010). Neither does Local Rule 54.1 allow for the taxation of shipping costs. See LR 54.1. Therefore, the Court finds that Defendant's shipping costs are not taxable.

F.  **Costs Previously Taxed**

Defendant also asks this Court to "reaffirm a previously entered Judgment for an amount of costs already reviewed, approved, and awarded by court in the amount of $16,458.95." See ECF No. 657 at 2, Bill of Costs.

As noted above, after the first trial in this case, costs were taxed against Plaintiffs in the amount of $16,458.95. See ECF Nos. 428, 453, 454. On appeal, because the Ninth Circuit reversed the dismissal of certain claims, it also vacated and remanded the taxation of costs. See ECF No. 461 at 29, Ninth Circuit Opinion. On remand, Defendant prevailed again. See ECF No. 641, Judgment. Plaintiffs do not dispute that this Court should reaffirm the taxation of costs following the first trial. Therefore, the Court recommends reaffirming the previous taxation of costs in the amount of $16,458.95 as noted in the April 6, 2020 Judgment. See ECF No. 454, Judgment.

G.  **Summary of Taxable Costs**

The Court finds that the following costs are taxable: $497.40 for copies of Defendant's admitted trial exhibits, $394.76 for deposition costs, and $1,217.63 in witness fees. The Court finds that the remaining copying and witness fees, as well as all of the shipping costs, are not taxable. The Court also recommends reaffirming the previous taxation of costs in the amount of $16,458.95. See ECF No. 454. Therefore, the Court recommends taxing costs in

the amount of $18,568.74.

### H. The Court Declines to Stay the Taxation of Costs Pending Appeal

In the Conclusion paragraph of their Opposition memorandum, Plaintiffs suggest that "the Court may also stay the question of taxable costs, including costs from the previous trial, pending the outcome of the appeal to the [Ninth Circuit], which might render the taxation of costs moot." See ECF No. 665 at 14, Opp. Although the Court has broad discretion to stay proceedings incident to the Court's power to control its own docket, see Clinton v. Jones, 520 U.S. 681, 706 (1997), Plaintiffs provide no argument regarding the stay and mention it only in passing in the Conclusion paragraph of their Opposition. On the record before it, the Court is not convinced that a stay is appropriate. Therefore, the Court recommends that costs be taxed consistent with this Findings and Recommendation.[5]

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Defendant's Bill of Costs, ECF

---

[5] In its Reply memorandum, Defendant says it "will agree to a stay of execution on the judgment for costs that have already been awarded, as well as any additional costs awarded, pending Plaintiffs' certain appeal from the award of costs." ECF No. 670 at 3, Reply. The parties are free to so stipulate and the Court does not address this potential stipulation here.

No. 657.  Specifically, the Court recommends taxation of costs in favor of Defendant and against Plaintiffs in the amount of $18,568.74.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, February 1, 2024.



Wes Reber Porter
United States Magistrate Judge

Spirit of Aloha Temple, et al. v. County of Maui.; Civ. No. 14-00535 SOM-WRP;
FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
DEFENDANT COUNTY OF MAUI'S BILL OF COSTS.