IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SPIRIT OF ALOHA TEMPLE AND FREDRICK R. HONIG, | ) ) | CIVIL NO. 14-00535 SOM/WRP |
| Plaintiffs, | ) ) ) | ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART |
| vs. | ) ) | DEFENDANT COUNTY OF MAUI'S BILL OF COSTS |
| COUNTY OF MAUI, | ) ) | |
| Defendant, | ) ) | |
| _____ | ) ) ) | |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT COUNTY OF MAUI'S BILL OF COSTS**

I.        **INTRODUCTION.**

        Before the court are Plaintiffs' objections to Magistrate Judge Wes Reber Porter's Findings and Recommendation to Grant in Part and Deny in Part Defendant County of Maui's Bill of Costs, ECF No. 681 ("F&R"). After reviewing *de novo* the matters objected to, and after examining the entire record for clear error, the court adopts the F&R, modifying it in part to account for a $0.60 arithmetic error, and awards $18,568.14 in costs.

II.       **BACKGROUND.**

        Plaintiffs Spirit of Aloha Temple and Fredrick R. Honig sued Defendant County of Maui for having allegedly discriminated against them on the basis of religion. Many of the counts were originally adjudicated by motion in favor of the county. *See* ECF

Nos. 109 (declining to exercise supplemental jurisdiction with respect to Count X (appeal from an order of the Maui Planning Commission)), 239 (granting summary judgment in favor of the county with respect to the prior restraint claim asserted in Count V and ruling that only factual challenges were asserted in the other counts), and 277 (ruling that all other claims were barred by collateral estoppel with the exception of the equal terms claim asserted in Count IV under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")).[1]  Count IV went to trial before a jury, which returned a verdict on that count in favor of the county.  *See* ECF No. 392.  Judgment was entered the same day.  *See* ECF No. 393.

On March 12, 2020, the court awarded the county $16,458.95 in taxable costs ("2020 Costs").  *See* ECF No. 453.  A separate judgment with respect to the 2020 Costs was entered on April 6, 2020.  *See* ECF No. 454.

On appeal, the Ninth Circuit reversed the court's collateral estoppel ruling in favor of the county and vacated the award of costs because the county was no longer the prevailing party.  Plaintiffs did not appeal the jury verdict with respect to Count IV.  *See* ECF No. 461.

On remand, the court again granted summary judgment in favor of the county with respect to Count V.  The court also

---

[1] No Count III was asserted in Plaintiffs' Complaint.

determined that the complete denial of a permit to Plaintiffs failed strict scrutiny.  However, the merits of the claims for which strict scrutiny applied were not decided via motion.  *See* ECF Nos. 498, 540, and 596.  A second jury trial was held over nine days.  The jury returned a verdict in favor of the county, determining: 1) that the county had not substantially burdened Plaintiffs' exercise of religion in violation of RLUIPA (Count I); 2) that the county had not violated the free exercise of religion clauses of the United States and Hawaii constitutions (Counts VI and VIII); 3) that the county had not violated RLUIPA's nondiscrimination provision (Count II); and 4) that the county had not violated the equal protection clauses of the United States and Hawaii constitutions (Counts VII and IX).  *See* ECF Nos. 639 and 640.  On October 12, 2023, judgment was again entered in favor of the county.  *See* ECF No. 641.

On October 26, 2023, the county filed its Bill of Costs.  *See* ECF No. 642.  On November 6, 2023, Magistrate Judge Porter denied the Bill of Costs without prejudice because the county had failed to include a representation that the parties had met and conferred in an effort to resolve disputes and because it was not properly supported by a memorandum supporting its requests.  The court granted leave to the county to refile its Bill of Costs no later than November 20, 2023, provided that

3

it had meaningfully conferred with Plaintiffs and properly supported its requests.  *See* ECF No. 650.

On November 20, 2023, the county refiled its Bill of Costs.  *See* ECF Nos. 657-59.  The county asked the court to reinstate the $16,458.95 in costs taxed in March 2020 and sought $13,188.07 in new costs.  *See* ECF No. 657, PageID # 16443.  The county later reduced its request for new costs to $4,778.68 by withdrawing its requests relating to: 1) copies of October 2023 trial transcripts ($7,538.17); and 2) witness travel costs ($871.22).  *See* ECF No. 670, PageID # 16677.

On November 27, 2023, Plaintiffs objected to the county's Bill of Costs.  *See* ECF No. 665.  Plaintiffs did not object to any of the 2020 Costs requested by the county.  With respect to the 2023 costs, Plaintiffs objected to $944.90 for copying costs, $497.40 for admitted trial exhibits, $299.81 for additional pleadings, $367.78 for shipping costs, and for more than one copy of deposition transcripts.  *See id.,* PageID #s 16662, 16664.  Plaintiffs also objected to witness fees for Marilyn Niwao (who was ultimately excluded from being a witness after testifying for a short time) and to an award of more than $40 per day with respect to Mr. Spence and Mr. Hidani.  *See id.,* PageID #s 16665-66.  Plaintiffs also objected to counsel's travel costs.  *See id.,* PageID # 16666.

4

On February 1, 2024, Magistrate Judge Porter issued
Findings and Recommendation to Grant in Part and Deny in Part
Defendant County of Maui's Bill of Costs ("F&R").  *See* ECF No.
681.  The F&R determined that "Plaintiffs do not contest that
Defendant is the prevailing party in this action."  *Id.*, PageID
# 18162.  Because "Plaintiffs d[id] not dispute that this Court
should reaffirm the taxation of costs following the first trial",
the F&R recommended reaffirming the previous 2020 Costs award of
$16,458.95.  *See id.*, PageID # 18172.

With respect to costs incurred after remand, the F&R
recommended awarding $394.76 in costs for the videotaped
deposition of Plaintiff Fredrick R. Honig used at trial.  *See
id.*, PageID # 18163.  The F&R recommended awarding $497.40 for
copies of admitted trial exhibits.  *See id.*, PageID #s 18164-65.
The F&R recommended awarding $178.59 for Marilyn Niwao's airfare
because she did testify at trial.  *See id.*, PageID # 18168.  The
F&R recommended awarding $337.50 and $247.50 for Spence's and
Hidani's "subsistence allowance," which was less than the per
diem rate for Honolulu in October 2023, rejecting Plaintiffs'
contention that they should only be allowed $40 for witness fees.
*See id.*, PageID # 18169.  Because of the parties' agreement, the
F&R recommended awarding costs of $871.22 for Spence's and
Hidani's travel, accommodation, and transportation, awarding
costs of $435.17 for their ground transportation, and awarding

costs of $18.87 for their mileage costs.  *See id.*, PageID
# 18171.  Finally, the F&R recommended rejecting Plaintiffs'
request to stay the award of costs pending Plaintiffs' appeal.
*See id.*, PageID # 18173.

On February 15, 2024, Plaintiffs objected to the F&R.
*See* ECF No. 682.  Plaintiffs argued that the county failed to
satisfy the meet and confer requirements.  If the court reaches
the merits, "Plaintiffs do not object to the Magistrate [Judge's]
specific recommendations" with respect to the 2023 Costs, but
contend that the final award with respect to costs should be
postponed pending their appeal.  *See* ECF No. 682, PageID # 18181.
Although Plaintiffs failed to notify the magistrate judge of any
objection to the renewed request for 2020 Costs, they now object
to this district judge, contending that the court should reduce
the 2020 Costs with respect to 1) deposition transcripts of the
county's own employees; 2) daily transcripts; and 3) excessive
copying costs.  *See id.*

III.    **STANDARD.**

A district judge reviews *de novo* those portions of a
magistrate judge's findings and recommendation to which an
objection is made and may accept, reject, or modify, in whole or
in part, the findings and recommendation made by the magistrate
judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule
74.1; *Kealoha v. Totto*, 2017 WL 1839280, *2 (D. Haw. May 8,

6

2017); *Paco v. Meyers*, 2013 WL 6843057, *1 (D. Haw. Dec. 26, 2013). In other words, a district judge "review[s] the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirectTV, Inc.*, 457 F.3d 1001, 1005 (9th Cir. 2006).

The district judge may accept those portions of the findings and recommendation that are not objected to if the district judge is satisfied that there is no clear error on the face of the record. *United States v. Bright*, 2009 WL 5064355, *3 (D. Haw. Dec. 23, 2009); *Stow v. Murashige*, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district judge may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). While the district judge must arrive at independent conclusions about those portions of the magistrate judge's report to which objections are made, a *de novo* hearing is not required. *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *Kealoha*, 2017 WL 1839280, *2.

**IV.      ANALYSIS.**

This judge adopts the thorough and well-reasoned F&R as this judge's own order.

**A.   The County Satisfied its Meet and Confer Obligations.**

Plaintiffs argue that the county waived its right to taxable costs by failing to comply with its meet and confer

obligations under Local Rule 54.1.  Under Local Rule 54.1(c), a
bill of costs must be accompanied by an affidavit (or
declaration) containing "a representation that counsel met and
conferred in an effort to resolve any disputes about the claimed
costs and the results of such a conference, or explain why the
conference was not held."  Under Local Rule 54.1(a), "[n]on-
compliance with any provision in LR54.1 shall be deemed a waiver
of costs."

        Along with the second Bill of Costs filed on November
20, 2024, counsel for the county submitted an affidavit
indicating: 1) that with respect to the original bill of costs
submitted in October 2023, he sent Plaintiffs' counsel the
request and was told that Plaintiffs' counsel would get back to
him; 2) that Plaintiffs' counsel did not get back to him prior to
the court's denial of those costs without prejudice; 3) that on
November 8, 2023, counsel for the county and for Plaintiffs met
and conferred via a conference call with respect to the requested
taxable costs and that Plaintiffs' counsel refused to agree to
any of the requested costs; and 4) that Plaintiffs' refusal was
based on a belief that no costs may be taxed before the
disposition of their appeal.  *See* ECF No. 657, PageID #s 16452-
54.

        Given the county's attempt to meet and confer with
Plaintiffs with respect to taxable costs, the county has

8

sufficiently satisfied its obligations under Local Rule 54.1.
Plaintiffs' alleged refusal to meaningfully participate in the
meet and confer process should not prejudice the county.
Instead, the court determines that the county has "explained why"
the meet and confer did not meaningfully occur. Accordingly, the
court declines to rule that the lack of a meaningful meet and
confer equates to a waiver of the county's taxable costs.

### B.   The Court Declines to Stay Taxation of Costs Pending Appeal.

Plaintiffs seek a stay with respect to taxation of
costs in the name of judicial economy. Plaintiffs claim that, if
they are successful on appeal, any order with respect to taxation
of costs will be vacated. The court declines to impose such a
stay. If Plaintiffs would like to stay taxable costs, they may
post a bond for the full amount of those costs or file a
stipulation to that effect. *See* ECF No. 681, PageID # 18173 n.5.

### C.   2023 Costs.

The court adopts the F&R's recommendation with respect
to the 2023 Costs, which Plaintiffs do not object to on the
merits. *See* ECF No. 682, PageID # 18181. The court therefore
orders that the following costs be taxed against Plaintiffs:
$497.40 for copies of admitted trial exhibits; $394.76 for
depositions; and $1,217.63 for witness fees. These costs total
$2,109.79.

9

### D.   2020 Costs.

The court also adopts (with one small modification) the F&R's recommendation with respect to the 2020 Costs.  The November 2023 Bill of Costs had asked this court to reaffirm those previously taxed costs of $16,458.95.  *See* ECF No. 657, PageID # 16443.  When Plaintiffs objected to the magistrate judge with respect to the November 2023 Bill of Costs, Plaintiffs did not object to the previously taxed costs of $16,458.95.  *See* ECF No. 665.  Thus, the F&R stated, "Plaintiffs do not dispute that this Court should reaffirm the taxation of costs following the first trial.  Therefore, the Court recommends reaffirming the previous taxation of costs in the amount of $16,458.95 as noted in the April 6, 2020 Judgment."  ECF No. 681, PageID # 18172.

After the magistrate judge issued his F&R, Plaintiffs for the first time challenged the November 2023 Bill of Costs' request for the previously taxed costs totaling $16,458.95.  Plaintiffs' failure to timely object to these costs before the magistrate judge operates as a waiver with respect to those costs.  *See Walker v. California*, 200 F.3d 624, 626 (9th Cir. 1999) (ruling that a party's failure to timely object to a cost award waived the party's right to challenge the cost award).  The Ninth Circuit has explained in the context of appeals made to appellate courts:

> Generally, we will not consider an issue
> raised for the first time on appeal.

10

> *Whittaker Corp. v. Execuair Corp.*, 953 F.2d
> 510, 515 (9th Cir. 1992).  We have recognized
> only three exceptions to this general rule:
> (1) when review is necessary in an
> exceptional case to prevent a miscarriage of
> justice or to preserve the integrity of the
> judicial process; (2) when a new issue arises
> due to a change in law while the appeal is
> pending; (3) when the issue presented is
> purely one of law and either does not depend
> on the factual record developed in the trial
> court, or the pertinent record has been fully
> developed.  *Bolker v. C.I.R.*, 760 F.2d 1039,
> 1042 (9th Cir. 1985).  If one of these
> exceptions applies, we have the discretion to
> consider the issue.  *Id.*

*Duggan v. Hobbs*, 99 F.3d 307, 313 (9th Cir. 1996).  Plaintiffs

provide no justification for this court to consider an objection

they failed to raise before the magistrate judge.

This court rules that Plaintiffs' failure to timely

object with respect to the $16,458.95 in requested costs means

that they cannot now object to those costs when objecting to the

F&R.  This court's *de novo* review of matters objected to does not

mean that Plaintiffs need not litigate matters at all before the

magistrate judge.  To hold otherwise would allow parties to

completely skip litigating matters before a magistrate judge.

The court therefore adopts the F&R's recommendation that

$16,458.95 be awarded with respect to the 2020 Costs, but

modifies the amount to $16,458.35 to account for a one-page error

with respect to copying costs.

Even if the court considered Plaintiffs' objections

with respect to the 2020 Costs, the court would tax those costs.

11

### 1.   Deposition Costs.

Taxable costs include fees for "transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Local Rule 54.1(f)(2) explains, "A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery."  Plaintiffs object to the costs of deposition transcripts for the county's own employees, Scott English, John Rapacz, Will Spence, Wayne Hedani, and Marilyn Niwao.  But the original F&R with respect to the 2020 Costs (ECF No. 428), which this court adopted (ECF No. 453), did not include taxation of the deposition costs with respect to Scott English and Marilyn Niwao.  *See* ECF No. 428, PageID # 8716 ("the Court finds that the costs for the remaining two depositions should be deducted from the taxable costs: Ms. Niwao for 247.97 and Mr. English for $107.13." (footnotes omitted)).

This court has already rejected Plaintiffs' objections with respect to the taxation of costs for copies of the depositions of John Rapacz, Will Spence, and Wayne Hedani.  *See* ECF No. 453, PageID #s 11100-01.  Each of these individuals was deposed by Plaintiffs.  *See* ECF Nos. 138 (Hedani Notice of Depo.); 171-4 (Rapacz Notice of Depo.); 185-5 (Spence Depe. transcript); 357-1 (Rapacz Depo. transcript).  Moreover,

Plaintiffs read portions of Rapacz's deposition into evidence on Day 7 of the second trial. *See* ECF No. 677, PageID # 17812. Each of these individuals was also named as a witness on Plaintiffs' witness list. *See* ECF No. 263. While Plaintiffs correctly note that Plaintiffs identified these individuals as witnesses right before trial, their potential roles at trial were not unexpected, and the county reasonably expected the depositions would be used in trial preparation at the time they were conducted. *See* Local Rule 54.1(f)(2).

John Rapacz was the director of the Maui County Zoning Administration and Enforcement Division, William Spence was the Director of the Maui Planning Department, and Wayne Hedani was a former member of the Maui Planning Commission. *See* ECF No. 263, PageID #s 5599-5600. Given Spirit of Aloha Temple's claim that it had suffered religious discrimination when it did not get a permit, it was reasonable to expect these individuals to play a role at trial. Plaintiffs themselves thought so, having noticed the deposition of Hedani in July 2017, *see* ECF No. 138, and of Rapacz in February 2018, *see* ECF No. 171-4. William Spence approved the Maui Planning Department's Report to the Maui Planning Commission regarding Plaintiffs' State Land Use Commission Special Use Permit application, *see* ECF No. 180-3, which was also reasonably expected to be at issue at trial. While Rapacz, Spence, and Hedani were county employees, that does

13

not necessarily mean that their depositions, which were taken by Plaintiffs, could not reasonably have been used by the county for trial preparation.  Any party might want to review its own representatives' deposition testimony to prepare those representatives for trial.

### 2.    Trial Transcripts.

Costs may be taxed for "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  This court has already ruled that such costs include the partial trial transcripts requested by the county.  *See* ECF Nos. 453, PageID # 11102.  Plaintiffs do not detail which trial transcripts were not "necessarily obtained for use in the case."  It appears that the county ordered "Partial Transcripts of Jury Trial Days 1, 2, 3 Morning Session, 3 Afternoon Session, 4, 5, Testimony of Fredrick R. Honig."  ECF No. 396-4 ($3,180.47 bill); ECF No. 396-1, PageID # 7332 (itemizing costs of $3,180.47 for trial transcripts of Plaintiff Fredrick R. Honig).  Given the nature of Plaintiff Fredrick R. Honig's testimony in the first trial, which this court recalls, the court determines that the county necessarily obtained the transcripts of his trial testimony for use in the case.  The county clearly used those transcript when preparing its closing.  *See, e.g.,* ECF No. 420, PageID #s 8266-68, 8270-71, 8274 (describing Honig's testimony).

14

### 3.  Copying Costs.

Costs may be taxed for "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Comparing this case to *General Dynamics*, Plaintiffs argue that copying costs should be disallowed. But this case is very different from *General Dynamics*. In that case, the court was presented with a bill of costs for copying more than 100,000 pages and a declaration that simply stated that the copying was for trial exhibits. 775 F. Supp. 2d at 1220. In this case, the declaration supporting the request details the number of pages and describes each exhibit (and the number of copies submitted to the court). *See* ECF No. 396-27.

The total of $1,165.50 for copies necessarily obtained for use in the case is reasonable under the circumstances. The Declaration of Melissa Stoppiello details the copying costs at $0.15 per page, totaling $1,165.50. *See* ECF No. 396-27. While Plaintiffs object to copying costs of $1,299.30, the 2020 F&R only recommended awarding $1,165.50 in copying costs. *See* ECF No. 453, PageID # 11103.

Moreover, while Plaintiffs object to the taxation of costs for thousands of pages of documents that were not admitted at trial, it does not appear that the county sought taxation of such costs. Instead, it appears that the county sought to tax

costs for four copies of exhibits (original and one each for the judge, law clerk, and Plaintiffs' counsel) that were actually admitted at trial (891 pages at $0.15 per page (times 4 copies) for a total of $534.60 for trial exhibits for Defendants' Exhibits Nos. 11-15 (38 pages), 17 (38 pages), 21-25 (117 pages), 27-30 (634 pages), 51 (3 pages), 93-97 (5 pages), 103-111 (48 pages), and 115 (8 pages)).  It appears that the county requested copying costs for four copies of 892 pages, rather than 891 pages.  The court therefore deducts $0.60 (4 x $0.15) from the requested costs for the missing page and awards a total of $1,164.90.

**V.      CONCLUSION.**

        After reviewing *de novo* the portions of the F&R objected to, and after reviewing the remainder of the F&R for clear error, the court adopts the F&R regarding the county's Bill of Costs.  Costs of $2,109.79 (2023 Costs) and $16,458.35 (2020 Costs) are taxed against Spirit of Aloha Temple.  The total amount taxed is $18,568.14 ($2,109.79 + $16,458.35).

                IT IS SO ORDERED.

                DATED: Honolulu, Hawaii, March 8, 2024.



                                /s/ Susan Oki Mollway
                                Susan Oki Mollway
                                United States District Judge


*Spirit of Aloha Temple, et al. v. County of Maui*, Civil No. 14-00535 SOM/WRP; ORDER ADOPTING (1) FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF SPIRIT OF ALOHA TEMPLE'S MOTION FOR REVIEW OF TAXABLE COSTS AND (2) FINDINGS AND RECOMMENDATION TO DENY DEFENDANT THE COUNTY OF MAUI'S MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS